# Jobe & Meanor *v.* James W. Hunter et ux., Appellants.

[Marked to be reported.]

*Mechanic's lien—Amendment of record by agreement.*

Where, after judgment had been entered upon a scire facias sur mechanic's lien against a husband and wife, an agreement is entered into by counsel whereby the record is amended so as to change the first name of the wife, and the judgment is stricken off, and defendants permitted to file an affidavit of defence, the agreement cannot afterwards be repudiated by the wife.

*Mechanic's lien—Married women.*

Where a husband enters into a contract for the erection of a building upon the land of his wife, and the wife has knowledge of the contract, and participates in conversations between her husband and the contractors relative to the work as it progresses, and makes no objection at any time, the contractors have a right to file a lien against her land, and make her a party defendant.

Argued Oct. 30, 1894. Appeal, No. 158, Oct. T., 1894, by defendants, from judgment of C. P. No. 2, Allegheny Co., April T., 1891, No. 296, on verdict for plaintiffs. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Scire facias sur mechanic's lien. Before MAGEE, J.

On Feb. 13, 1891, plaintiffs filed a mechanic's lien against a lot and building thereon in Wilkins township. The caption of the claim was as follows: " Jobe & Meanor v. James W. Hunter and Jennie Hunter his wife, owners, or reputed owners, for the benefit of her separate estate." Judgment was subsequently entered against defendants for want of an affidavit of defence. On Jan. 9, 1892, the following paper, signed by counsel for both parties, was filed of record:

" Jobe & Meanor, for use, v. James W. Hunter et al., No. 20, April Term, 1891. Mechanic's lien. No. 296, April Term, 1891.

" It is hereby agreed by attorneys for parties hereto that the name of Jennie Hunter be changed to Alice Hunter, and service is accepted and judgment stricken off, writ stayed and defendants allowed 15 days to file affidavit of defence."

The court thereupon struck off the judgment, and the case came on for trial.

The court charged in part as follows :

" Under the act of assembly and under the law it has been held that where a house has been built upon the property of the wife, that a lien can be filed against her for the construction of the building, and it has been held also . that she can act through her husband, where her property is concerned in the improvement and where it is done with her knowledge. The contract was made on her house. She knew the building was being erected, and as she can contract for a building with the agency of her husband, [the assumption here is that it was her contract, that it was done with her particular knowledge, as it was done with one who might be presumed as acting as her agent.] [1] .

" The questions to be determined in this trial are legal questions, and in order that I may get a better opportunity to examine into the law and consider the questions of law more fully than we can do here during the trial of the case, I have concluded to instruct you that under the evidence the verdict must be for the plaintiffs in the sum of $371.88, to which amount there is no exception or objection if the liability exists, there being no evidence against it and no controversy on that question as to the value of the work done."

Defendants' points were as follows :

. " [1. The court is asked to strike from the record the name of Alice Hunter, she not being a party to the mechanic's lien as filed.] ". [3] Refused.

[2. Request for binding instructions.] [4]    Refused.

Verdict and judgment for plaintiffs.    Defendants appealed.

*Errors assigned* were (1, 3, 4) above instructions, quoting charge and points but not quoting answers; (2) in taking law and facts from jury ; (5) in allowing plaintiffs to proceed on an invalid mechanic's lien, as the lien could not be amended except by filing a new one and the time for that was passed after six months from the original filing.

*John R. Large,* for appellants.—The wife gave no consent to the erection of the house, she was not named in the lien, and an amendment attempted after six months is bad.

*H. L. Castle*, for appellee, cited: Forrester v. Preston, 2 Pitts. R. 300; Bruner v. Sheik, 9 W. & S. 119; acts of April 16, 1846, P. L. 353; June 11, 1879, P. L. 122.

OPINION BY MR. JUSTICE GREEN, Nov. 12, 1894:

The claim of lien in this case was filed both against James W. Hunter and his wife, naming her as such. The scire facias was issued in the same way. Before the trial on Jan. 9, 1892, an agreement in writing was made and signed by counsel for the plaintiff and counsel for Alice Hunter, by which it was agreed that the name of Jennie Hunter should be changed to Alice Hunter, and that service was accepted, judgment was stricken off, writ stayed and defendants allowed. fifteen days to file an affidavit of defence. In the caption of this agreement both the claim of lien, No. 20 April Term, 1891, and the action of sci. fa. No. 296 April Term, 1891, were mentioned, and the agreement related to both. The effect of the amendment was to change the name of the wife from Jennie to Alice wherever it occurred in the proceedings. As she obtained very important concessions for this agreement she cannot now repudiate it.

On the merits of the case it was shown, without any contradiction, by competent testimony, that the wife had full knowledge of the contract, that the building was being erected on her land, that she took part in the conversations between, her husband and the contractors relative to the work as it progressed, that she made no objection at any time, and that considerable sums of money were paid on the contract from time to time until out of a total of $1,511.90 claimed for the whole work, only a small balance of $312.16 remained unpaid, and for the recovery of that sum this action was brought. As none of these facts were disputed, it is a necessary assumption that the work was done, and the building erected on the land of the wife, with her full knowledge and consent. In the case of Forrester v. Preston, 2 Pitts. Rep., p. 300, it was decided by the District Court of Allegheny county that in just such circumstances as these the. wife was liable. Said WILLIAMS, J., in that case: " But the building in this case was not erected without the consent of the wife under a contract made with a stranger. It was erected under a contract made with the husband and, as the facts abundantly show, under the knowledge,

approbation and concurrence of the wife. It is true that the husband made the contract in his own name, but the building was, with the knowledge and concurrence of the wife, designed and erected for her, and therefore in making the contract, the husband may be regarded in law as the agent of the wife so much so as if he had avowedly acted by her express authority. The husband's agency may be legitimately inferred from the relation and acts of the parties." As we regard this as good law, and as it was pronounced long before the married persons' property act of 1887 was passed, by which the contracting power of married women was so greatly enlarged, it is certainly good law now.

This case arose while the act of 1887 was in force, but the act of 1893, which repealed the act of 1887, still further enlarges the contracting power of married women and it may well be that under either of these laws it would no longer be necessary to refer her liability in such cases as this to an assumed agency of her husband. However that may be, we are clearly of the opinion that, upon the undisputed facts of this case, the defendant Alice Hunter, and her lot upon which the house in question was erected, are plainly liable to the plaintiff's claim. All the assignments of error are dismissed.

Judgment affirmed.