[No. 1388.  Decided December 26, 1894.]

SPEARS & LEONARD ET AL., *Respondents*, *v.* F. C. LAW-
RENCE ET UX., *Appellants.*

ROTHWELL BROS. & MITCHELL ET AL., *Respondents*, *v.*
F. C. LAWRENCE ET UX., *Respondents*, R. I. MORSE,
*Appellant.*

MECHANICS' LIENS—CLAIM OF SUB-CONTRACTOR—SUFFICIENCY OF
NOTICE—ESTOPPEL OF WIFE—LOST INSTRUMENT—SECONDARY
EVIDENCE—SURETY ON CONTRACTOR'S BOND—RIGHT TO LIEN.

A lien notice setting out that the claimant had a contract with the
contractor for the erection of defendant's building by which claim-
ant was to furnish the material and do the work necessary to the full
completion of the painting of the building, is sufficient, in the absence

of a showing that the contract between the contractor and his sub-contractor was fraudulent or improvident.

Where there is no separate contract for labor and materials, but one gross contract for everything required in the prosecution of a particular work, it is unnecessary that the lien notice in setting out the terms of the contract should claim separate amounts for materials and for labor.

Although the authority of the husband to contract for the erection of a building upon the separate real estate of his wife may not be shown, yet she will be estopped to dispute the validity of a mechanics' lien thereon when it appears that she had full knowledge of the erection of the building, was in and around it during the course of its construction, and assisted in the selection of the colors of the paints for it.

Failure to produce a bond or a copy thereof before trial, upon demand of a party to an action in which rights under the bond are in controversy, will not preclude proof of its loss and the introduction upon the trial of secondary evidence of its contents, when sufficient excuse for the failure to furnish the copy is shown at the trial.

A surety upon an indemnifying bond, given by a contractor for the purpose of protecting the owner of a building against liens, cannot himself enforce a lien thereon, although the owner may in fact be indebted at the time to the contractor.

*Appeal from Superior Court, Whatcom County.*

Consolidated actions for the foreclosure of mechanics' liens against the premises of F. C. Lawrence and wife. The lien claim of Spears & Leonard alleges that they claim a lien upon the property on account of having had a contract "by which they were to perform certain labor, and furnish materials for said building, and the following is a statement of the terms given and conditions of said contract, to-wit: Said Spears & Leonard were to furnish all the labor and materials necessary for the full completion of the painting of said building for which they were to have the price or sum of two hundred and ten dollars lawful money of the United States, which was to be paid them when the work was completed on or before the — day of August, 1890." There was testimony that the premises improved were the separate property of the wife, and that she had not made the con-

tract for their improvement, but the evidence showed that, during the time the building was being constructed, she was about the premises with her husband and helped select the colors of paints for the building.

*Bruce, Brown & Cleveland*, for appellants Lawrence.

The surety on the contractor's bond could not himself enforce a lien. *Bugger v. Cresswell*, 12 Atl. 829.

Lien claims should set forth such an account as discloses the amount of material, the quality and value, and the amount of labor in separate items so that the owner may judge of their reasonableness. *Gates v. Brown*, 1 Wash. 470; *Warren v. Quade*, 3 Wash. 750; *Tacoma, etc., Co. v. Kennedy*, 4 Wash. 305; *Fairhaven Land Co. v. Jordan*, 5 Wash. 729; *Dexter Horton & Co. v. Wiley*, 2 Wash. 171.

*Dorr, Hadley & Hadley*, for appellant Morse.

. That a bondsman for a contractor may maintain proceedings for the enforcement of liens under certain circumstances clearly appears in *Simonson v. Thori*, 31 N. W. 861. Failure to pursue the terms of the contract strictly discharges the surety. *Bragg v. Shain*, 49 Cal. 131; *Price v. Doyle*, 26 N. W. 14; *Miller v. Stewart*, 9 Wheat. 703.

*J. J. Weisenburger* and *J. R. Crites*, for respondents Spears & Leonard.

The opinion of the court was delivered by

HOYT, J.—The questions raised by this appeal relate to the sufficiency of the proceedings of the lower court in the foreclosure of certain liens against the property of F. C. Lawrence and his wife, Ada L. Lawrence. Such proceedings were had in a consolidated case involving a large number of liens, all growing out of the contract of one R. C. Jordan to erect a certain building for the defendant F. C. Lawrence. The parts of the decree which are here for review relate to claims growing out of two of such liens. One in favor of plaintiffs Spears & Leonard was sustained, and a decree of foreclosure rendered thereon, from which the defendants F. C. Lawrence and Ada L. Lawrence have

appealed. The other relates to the claim of R. I. Morse, which was disallowed by the superior court, and a foreclosure denied, and from that part of the decree said Morse has prosecuted an appeal.

We will first examine that part of the decree relating to the lien of Spears & Leonard. It is attacked upon only two substantial grounds. The first relates to the sufficiency of the lien notice, and the other to the alleged facts that the improvement was upon the separate property of the wife, Ada L. Lawrence, and that no authority was shown from her to her husband to enter into the contract under which it was made.

As to the first we have only this to say : The lien notice set out a special contract by Spears & Leonard to furnish the materials and do the work necessary to the full completion of the painting of the building in accordance with the contract between the principal contractor and said Lawrence. And while it is true that the owner of the building would not be bound by the contract made between his contractor and the sub-contractor, if it was shown to be fraudulent or improvident, yet, in the absence of such showing, it must be presumed that the contract is such as would be enforced by the courts. This being so, we think the statement of the contract in the lien notice was sufficient. There was no separate contract for the labor and for the materials, but one gross contract for everything required in the prosecution of that particular work, and this being so there could not well be set out a claim under said contract for separate amounts for materials and for labor.

As to the fact that the improvement was upon property alleged to be the separate estate of the wife, we are not satisfied from the proofs that the real estate in question was her separate estate ; but if it was, her objection to its being subjected to the lien cannot be sustained, for the reason that such acts on her part, in connection with the erection of the building, were shown as should estop her from claiming that she was not bound by the contract of the husband for its erection. The decree foreclosing this lien was warranted by

the proofs, and to that extent it is affirmed, but in so far as it purports to render any personal judgment against said F. C. Lawrence and Ada L. Lawrence it must be modified, as the pleading and proofs would authorize a personal judgment against no one but the contractor, R. C. Jordan.

As to the claim of said R. I. Morse, some objections are made to the form of the lien notice, but the principal contention grows out of the alleged fact that said Morse was a surety in the bond given by the contractor Jordan to F. C. Lawrence, which bond was so given for the purpose of securing said Lawrence from any liens being enforced against the building. This objection to the enforcement of the lien is combatted by the appellant Morse for two reasons ; one, that it does not appear that he ever signed such bond, and the other that if he did he is not thereby precluded from enforcing his lien.

Before the cause went to trial a proper demand was made upon the counsel for Lawrence for said bond, or a copy thereof. This demand was not complied with, nor was any reason given before the trial for non-compliance. For this reason it is contended on the part of appellant Morse that neither the bond, nor the fact of its loss, could be given in evidence upon the trial. This contention cannot be maintained. The bond having been lost, it, or a copy, could not be furnished in accordance with the demand, and there is no rule which requires the showing to that effect to be made before the trial. Upon the trial a sufficient excuse for non-compliance with the demand was shown, and thereby the right accrued to introduce the secondary evidence upon proof of the loss of the primary.

This leaves but one question, and that is as to the effect upon the lien claim, of the claimant having been a surety for the performance of the contract by the principal contractor, Jordan. It would be inequitable to allow a person to enter into a solemn agreement to protect another from certain contingencies, and thereafter, and while such agreement was in full force, to himself seek to enforce the special liability which he had obligated himself to protect against.

No authority has been cited which, in our opinion, tends to sustain the contention of appellant that he could maintain his lien under these circumstances. He seeks to found this right in the particular case at bar upon the fact that it was not made to appear that the defendants Lawrence would be injured by having this lien enforced. However that may be, a sufficient answer is that what he guaranteed to the defendant was that no lien should be filed against the building, and in the face of such guaranty he will not be permitted to do that which would raise a direct liability on his part, if done. If, as a matter of fact, there is something still due to the contractor Jordan from the defendants Lawrence, it can be reached without the aid of a lien against the building. He can prosecute his action against Jordan, and under the judgment recovered against him reach any moneys which may be due him from the owner of this building, or from any other source.

It follows that that portion of the decree finding against the defendant R. I. Morse must also be affirmed. The cause will be remanded with instructions to affirm the decree when modified as to the personal judgment against the defendants Lawrence as hereinbefore suggested. The respondents will recover their costs on appeal.

DUNBAR, C. J., and STILES and SCOTT, JJ., concur.