[No. 4977.   Decided February 11, 1905.]

KENT LUMBER COMPANY, *Plaintiff,* v. IRA P. WARD *et al.,*
*Defendants.*

GALBRAITH, BACON & COMPANY, *Appellant,* v. HATTIE E.
SPITTLE, *Respondent.*[1]

MECHANICS' LIENS—INDEMNITY—WAIVER OF LIEN BY CONTRACT-
OR'S BOND AND AGREEMENT—ASSIGNMENT. Where a contractor
gives an indemnifying bond to protect the owner against liens,
and also agrees with the surety company to prevent the filing or
enforcement of liens against the property, he waives his right
thereto, and neither he nor his assignee can enforce a lien against
the property.

Appeal from a judgment of the superior court for King
county, Rudkin, J., entered October 16, 1903, upon find-
ings in favor of the defendants, after a trial on the merits
before the court without a jury, dismissing a complaint
in intervention seeking to foreclose a mechanics' lien. Af-
firmed.

*Roberts & Leehey,* for appellant.

*George E. de Steiguer, R. R. George,* and *John P. Hart-
man,* for respondent.

HADLEY, J.—In this action Galbraith, Bacon & Com-
pany, a corporation, by way of intervention seeks to fore-
close a mechanics' lien. The account was originally held
by one Bamberg, and was for labor and material, furnished
in the construction of a house for the defendant Hattie E.
Spittle. The account, with any right to assert a lien, was
assigned by Bamberg to said intervenor, and the latter
thereafter filed a notice, claiming a lien. Bamberg was
a subcontractor in the construction of the building, one

1Reported in 79 Pac. 485.

Ward being the principal contractor.    Ward gave to the defendant Hattie E. Spittle, owner of the property, a contractor's indemnifying bond, with the National Surety Company as surety.    Ward and Bamberg also gave to said surety company a contract of indemnity, whereby they bound themselves to save the surety company harmless from loss or damage on account of the building contract, and the said bond given to secure it.

The answer denies the material allegations of the complaint, and affirmatively avers the foregoing facts concerning the contractor's bond and the surety indemnifying contract, which are urged as amounting to a waiver by Bamberg of any right to a lien.    The cause was tried by the court, and resulted in a judgment denying the lien and dismissing the complaint in intervention.    The intervenor has appealed from the judgment.

The principal argument made by appellant is based upon the theory that the court decided the case upon the ground that Bamberg, appellant's assignor, had waived his right to a lien.    A remark made by the court, when deciding the case, indicates that such was his theory.    It is urged by appellant that there was no evidence upon the subject, and that the court's conclusion is therefore erroneous.    It was the court's theory, however, that the facts which it held amounted to a waiver of the right to a lien were admitted by the pleadings.    The answer alleged that the contractor's bond was given to protect the owner against liens, and that Bamberg joined in the indemnity contract to save the surety harmless.    The reply does not deny the essential facts, but in effect simply alleges that Bamberg never waived his right to a lien.

We think the court was right in its view that the material facts as to the waiver were admitted.    The answer alleges that one of the considerations for the contractor's

bond, given to this respondent, was that Ward and Bamberg should give their indemnifying contract. In effect that contract bound them to prevent the filing and enforcement of liens against this property, and yet Bamberg is here through his assignee attempting to enforce a lien in his own behalf. It is true, Bamberg's contract was not with respondent directly, but it was for the purpose of indemnifying respondent's indemnitor concerning the same subject matter. The giving of the indemnity contract to the surety company was, at least, a part of the inducement which led it to protect respondent, and she certainly should not expect that one who was thus obligated would undertake to enforce a lien against her property, which would necessarily create a corresponding liability from himself to another. If he should be permitted to enforce a lien here, respondent must then assert a claim against the surety company, and the latter in turn against Bamberg. In view of all this, we think when Bamberg made a contract to save the surety company from loss, he thereby waived any right to assert a lien in favor of himself. His assignee has no greater rights.

The court appears to have decided the case upon the foregoing theory. No specific finding was made as to whether the lien notice was filed in time or not. But, from the evidence before us, we think the judgment is further sustained on the ground that the lien notice was not filed in time after the completion of the work. The record does not disclose what was the view of the trial court upon that subject, but the point is urged here by respondent, and we believe the weight of the evidence is in favor of her contention.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.