[No. 6337. Decided November 28, 1906.]

J. L. TODD, *Plaintiff*, v. JOHN FRANSVOG *et al.*, *Respondents*, JENS N. JENSEN, *Appellant*, and UNITED STATES FIDELITY AND GUARANTY COMPANY, *Intervener*.[1]

MECHANICS' LIEN—RIGHT OF GUARANTOR TO MAINTAIN. One who guarantees a surety company upon a building contractor's bond against loss by reason of failure to perform the contract cannot claim a mechanics' lien on the building, under a subcontract subsequently entered into with the contractor. ,

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered May 2, 1906, after a trial on the merits before the court without a jury, dismissing an action to foreclose a mechanics' lien. Affirmed.

*Harry H. Johnston* (*Govnor Teats*, of counsel), for appellant.

*Frank Allyn*, for intervener.

*Charles L. Westcott*, for respondents.

MOUNT, C. J.—This action was brought to foreclose certain liens for labor and material furnished in the construction

[1]Reported in 87 Pac. 831.

of a dwelling house belonging to respondents Olson and wife. The lien claim of Jens N. Jensen was denied, and he appeals.

The facts are as follows: On April 4, 1904, O. G. Olson and wife were the owners of lot 7 and 8, in block 1512, in the city of Tacoma. On that day they entered into a contract with John Fransvog, whereby the latter agreed to furnish the materials and construct a dwelling house upon the said lots. Fransvog was required to, and did, give a bond for the faith-ful performance of his contract and to protect the said Olson and wife from lien claims against the said house. The United States Fidelity & Guaranty Company furnished the bond, but before doing so required Fransvog to guarantee the company against loss. The appellant Jens N. Jensen became such guarantor for Fransvog, and joined with Fransvog in the ap-plication to the company for the bond, designating himself as a partner with Fransvog. Thereupon the bond was exe-cuted and delivered by the company. At that time appellant Jensen had no interest in the contract for the construction of the house. Subsequently, however, he took a subcontract from Fransvog for the cement, plastering, etc., upon the house, for the sum of $1,125.84. He did the work, and Fransvog paid thereon the sum of $615, leaving a balance due of $510.84. Thereafter appellant Jensen filed a lien claim against the premises for the balance due. Other lien claims were filed by several materialmen, and this action was begun by J. L. Todd to foreclose a lien filed by him. All other claimants were made parties defendant. The United States Fidelity & Guaranty Company, having been notified of the action brought to foreclose the liens, intervened to defend the action.

The lien claims were all enforced except the claim of Jen-sen. His claim was denied and dismissed, for the reason that he was a guarantor to the surety company, and therefore not entitled to maintain a lien. At the trial he sought to avoid his liability as a guarantor to the surety company, by claim-ing that, prior to the filing of any liens and while the owner,

O. G. Olson, had money on hand owing to the contractor, Fransvog, sufficient to pay all claims for labor and material furnished, he notified Mr. Olson and the agent of the United States Fidelity & Guaranty Company not to pay any more money to said Fransvog, and that after such notification, Olson, with the consent of the guaranty company, paid Fransvog $1,000, which sum of money Fransvog devoted to his own use, thereby leaving an insufficient amount due upon the contract to pay the claims outstanding against the building.

We need not decide or discuss the question whether these facts, if proven, would have relieved the appellant of his contract of guaranty with the surety company, because, after carefully reading the evidence, we are convinced that appellant failed to prove the facts as claimed by him. The great weight of the evidence shows that, if he ever notified Mr. Olson or the architect or the agent of the surety company not to pay Mr. Fransvog any money on the contract, such notification was not given until after the $1,000 payment had been made, and that thereafter no further payments were made to Mr. Fransvog. The appellant Jensen is, therefore, in the position of guaranteeing the surety company against loss, and at the same time seeking to enforce a claim against the surety company, which claim he is ultimately bound to pay. This we have held cannot be done. *Kent Lumber Co. v. Ward,* 37 Wash. 60, 79 Pac. 485.; *Spears v. Lawrence,* 10 Wash. 368, 38 Pac. 1049, 45 Am. St. 789. The trial court was therefore right in dismissing appellant's claim. The judgment is affirmed.

DUNBAR, RUDKIN, FULLERTON, and HADLEY, JJ., concur.

CROW and ROOT, JJ., took no part.