## N. C. Gould v. I. N. Frost et al.

### (Jackson.   April Term, 1917.)

MECHANICS' LIENS.   Married women.   Effect of married women's act.

Under Married Women's Act (Laws 1913, chapter 26), effective January 1, 1914, removing coverture disabilities, the mechanic's lien created by Shannon's Code, section 3531, attaches to a wife's general or separate estate as if she was unmarried without complying with section 3532, providing that a lien attaches when the contract was made with the wife and evidenced by a writing signed by her.

Cases cited and approved: Parlow v. Turner, 132 Tenn., 339; Knoxville Railway & Light Co. v. Vangilder, 132 Tenn., 487; Chattanooga v. Carter, 132 Tenn., 609.

Codes cited and construed:   Secs. 3531, 3532 (S).

FROM SHELBY.

Appeal from the Chancery Court of Shelby County. —Francis Fentress, Chancellor.

G. P. Douglass, for appellant.

Baxter Ware and T. E. Bell, for appellee.

Mr Justice Lansden delivered the opinion of the Court.

This bill was filed to enforce a mechanic's lien against the property of a married woman. About March 14, 1914, the residence of Mrs. I. N. Frost

was destroyed by fire. It was insured, and she collected the insurance money on the burned residence. Her then husband, Dr. I. N. Frost, made a contract with the complainant to rebuild the burned house. In making the contract Frost was acting as the agent of his wife. She was at the house a number of times while it was being rebuilt, and gave directions for its rebuilding. There is an unpaid balance due complainant of $286.50. There is no claim of a contract in writing with Mrs. Frost. While it is not material, it can be stated that Dr. Frost and his wife were divorced before the house was rebuilt, and she intermarried with the defendant Morgan.

The sections of the Code granting a mechanic's lien, in so far as they are material to this controversy, are as follows:

"3531. There shall be a lien upon any lot of ground or tract of land upon which a house has been constructed, built or repaired, or fixtures or machinery furnished or erected, or improvements made, by special contract with the owner or his agent, in favor of the mechanic or undertaker, founder or machinist, who does the work or any part of the work, or furnishes the materials or any part of the materials, or puts thereon any fixtures, machinery, or material, either of wood or metal, and in favor of all persons who do any portion of the work or furnish any portion of the material, for the building contemplated in this section.

"3532. The lien given by the last section shall apply to and embrace within its provisions the lands,

both separate and general estate, of *femes covert,* when the contract is made with the wife whose land is sought to be charged with the lien, and evidenced by a writing signed by her.''

The Married Women's Act is as follows: ''A bill for an act to be entitled 'An act to remove disabilities of coverture from married women, and to repeal all acts and parts of acts in conflict with the provisions of this act.' ''

''Section 1.   Be it enacted by the general assembly of the State of Tennessee, that married women be, and are, hereby fully emancipated from all disability on account of coverture, and the common law as to the disabilities of married women and its effect on the rights of the property of the wife, is totally abroated, and marriage shall not impose any disability or incapacity on a woman as to the ownership, acquisition, or disposition of property of any sort, or as to her capacity to make contracts and do all acts in reference to property which she could lawfully do if she were not married; but every woman now married, or hereafter to be married, shall have the same capicity to aquire, hold, manage, control, use, enjoy, and dispose of, all property, real and personal, in possession, and to make any contract in reference to it, and to bind herself personally, and to sue and be sued with all the rights and incidents thereof, as if she were not married.''

This act took effect January 1, 1914, prior to the letting of the contract.

This act has been construed in *Parlow* v. *Turner,* 132 Tenn., 339, 178 S. W., 766; *Knoxville Railway & Light Co.* v. *Vangilder,* 132 Tenn., 487, 178 S. W., 1117, L. R. A., 1916A, 1111; *Chattanooga* v. *Carter,* 132 Tenn., 609, 179 S. W., 127.

An examination of the foregoing authorities will disclose that the Married Women's Act is a remedial one, intended to remove from married women the disability of coverture. It is manifest from section 3532, supra, that the legislature intended to obviate in the particular instance given the "disability of coverture" and prescribe the manner in which this could be done. Section 3531, *supra,* gives the lien that is, creates the right—upon any lot of ground or tract of land upon which a house has been constructed by special contract with the owner or agent in favor of the mechanic or like who does the work or furnishes material, etc. So we think the difference between the two sections was occasioned by the disability of coverture under which married women were at the time. The Married Women's Act emancipated them completely so far as this disability is concerned, and leaves them in the exact *status* of an unmarried woman. Hence we hold that section 3531, since the passage of the Married Women's Act, gives the lien there created upon the land owned by married women whether it be their general or separate estates. The court of civil appeals took the same view. The writ of *certiorari* having been heretofore granted, its action is affirmed.