PHILLIP CAREY Co. *et al v.* F. H. HARRISON *et al.*

(*Nashville.*   December Term, 1917.)

1. MECHANICS' LIENS. Property of married women. Subcontractors.

Where a married woman entered into a contract with the principal contractor for the erection of a house on her property, those who furnished material to the principal contractor would have a lien on her property in view of Thompson's Shannon's Code, section 3531, providing that there shall be a lien upon real estate upon which improvements are made by special contract with the owner in favor of the contractor or furnisher, section 3532, providing that lien given by last section shall apply to both separate and general estate of *femes covert*, when the contract is made with the wife whose land is sought to be charged with the lien and evidenced by writing signed by her, and section 3540, giving a lien to subcontractors for material furnished to the original or principal contractor; a contract between the owner and furnisher of materials not being essential to the existence of a lien of the latter. (*Post, pp.* 698-700.)

Acts cited and construed: Acts 1881, ch. 67.

Cases cited and approved: Gould v. Frost, 138 Tenn., ——; Stone Co. v. Board of Publication, 91 Tenn., 200; Cole Mfg. Co. v. Falls, 90 Tenn., 466.

Code cited and construed: Secs. 3531, 3531 (T.-S.).

2. MECHANICS' LIENS. Property of married women. Subcontractors.

Before the Married Woman's Emancipation Act (Laws 1913, chapter 26) became effective a married woman's property was subject to the lien of a subcontractor where in conformity to law she let a contract to the original contractor; the lien

of the subcontractor being an incident to the contract made with the original contractor. (*Post, pp.* 700, 701.

Case cited and approved: McCrary Bros. v. Bristol Bank & Trust Co., 97 Tenn., 469.

## FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court—JAS. B. NEWMAN, Chancellor.

MANIER & CROUCH and DOUGLÁS & NOWELL, for appellants.

P. M. ESTES, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

The single question arising on this appeal is:

Have those who furnsh materials to an original or principal contractor a lien upon the property of the owner, a married woman, who had, in 1916, entered into a contract with the principal contractor to erect a house on the property?

By Code (Thompson's Shannon's) section 3531, it is provided that there shall be a lien upon real estate upon which improvements are made, by special contract with the owner, in favor of the contractor or furnisher. This is a lien in order to the existence of which a contract with the owner is required.

It was held by this court that the statute did not apply to the property of a married woman, since she was incapable of entering into a binding contract. To meet that decision, it was enacted:

"The lien given by the last section shall apply to and embrace within its provisions the lands, both separate and general estate, of *femes covert,* when the contract is made with the wife whose land is sought to be charged with the lien, and evidenced by a writing signed by her." Acts 1881, chapter 67; Thompson's Shannon's Code, section 3532.

In *Gould* v. *Frost,* 138 Tenn., 467, 196 S. W. 949, it was held that the closing phrase of the act, "and evidenced by a writing signed by her," was a protective provision which was but an incident to the disability of coverture, and that since the passage of the Married Woman's Emancipation Act removing all such disabilities, it was no longer requisite to a lien on her land that a married woman should contract by way of a writing signed by her.

The lien declared by section 3531 now applies to the land of married women with whom the lien claimant makes a special contract to do work or furnish material.

The lien of a subcontractor or of a materialman who furnishes material to the original or principal contractor is declared by section 3540 in favor of persons "employed by such" principal contractors to do work upon the improvements or to furnish materials for the same. The manifest meaning of this

language is that, where there is a principal or original contractor with whom a married woman has made a contract, such an one by employing a materialman to furnish materials for the particular job creates a potential lien in favor of the latter. A contract between the owner and such furnisher or subcontractor was never essential to the existence of the lien of the latter. *Stone Co.* v. *Board of Publication,* 91 Tenn., 200, 18 S. W., 406.

When precedently the married woman contracted with the principal contractor, by implication of law she had in view the incurring of potential liens through his employment of the materials of furnishers. *Cole Manf. Co.* v. *Falls,* 90 Tenn., 466, 16 S. W., 1045.

The court of civil appeals entertained the view that the Married Woman's Emancipation Act, as construed in *Gould* v. *Frost,* supra, is the factor that effects the result reached by that court. We are of opinion that before that act became effective a married woman's property was subject to the lien of a subcontractor where in conformity to law she let a contract to an original contractor, since she in such case voluntarily contracted for labor and material, with notice from or through the statute that, if these came from a subcontractor or materialman, a lien in their favor might result.

Neither said act nor *Gould* v. *Frost* undertook to enlarge the scope of a woman's contract or its effect to produce a lien; they concern mere ability on her part to enter into a contract relationship which could support a lien.

The contractor comes in by reason of a direct special contract with the owner; the subcontractor or .furnisher comes in indirectly by reason of his contract relation to .the contractor, and his ·claim "is *pro tanto* substitutionary to that of the latter," by a species of equitable subrogation. *McCrary Bros.* v. *Bristol Bank & Trust Co.*, 97 Tenn., 469, 37 S. W., 543. The lien of the subcontractor, therefore, hangs upon and is an incident to the contract made with the original contractor by the owner, whether the owner be a man or a married woman.

Writ of *certiorari* is denied, since the result reached by the court of· civil appeals was correct.