BELL BROS. & CO., INC., v. ARNOLD et al.—68 S. W. (2d) 958.

Middle Section.   December 2, 1933.

Petition for Certiorari denied by Supreme Court, March 10, 1934.

Joe Howard Wood, of Murfreesboro, and Edwin T. Nance, of Shelbyville, for complainant.

J. D. Murphree, of Shelbyville, for defendants.

DeWITT, J.   In this cause the chancellor sustained claims of Bell Bros. & Co., a corporation, amounting with interest to $1,326.61 against W. P. Arnold and his wife, Mrs. Jessie Arnold, declared the same to be a lien on a house and lot in Bell Buckle owned by them as an estate by the entirety, and ordered a sale thereon to be made for the satisfaction of said sum, should it not be paid within thirty days. The amounts awarded without interest are $804.97 for building materials furnished, $395.03 for work and labor done, $114.07 for delinquent taxes paid by complainant on the property of the defendant to protect it from sale for taxes.   The claim for work and labor done was in favor of four artisans who assigned to complainant in writing their said claims for a valuable consideration, with notice to complainant of their claim to mechanic's liens, but without giving any notice to the defendants, Mr. and Mrs. Arnold, of the assignment.

The controversy is presented upon the appeal of Mrs. Arnold alone. She insists that her interest in the property should not be charged with any lien because she never made any contract with complainant for the purchase of the material for the erection of the house, or with the mechanics for the labor either in person or through her husband or any other person as her agent, and that because no notice of the assignment of the wage claims was given to her or to her husband, and complainant as assignee has no lien therefor on the property. She admits that complainant has a right by subrogation to the lien for taxes paid by it on the property.

The building, a residence, was erected in the spring of 1931; the materials being furnished by the complainant and the work done by the mechanics, under contracts made in person by Mr. Arnold. He came to Murfreesboro and purchased the materials from complainant, representing that he had $400 with which to pay the cost of labor and that the Murfreesboro Building Loan Association had agreed to lend him $800 upon the property after the house should be completed and that out of this sum the cost of the materials would be paid. He had made application for the loan and it had been accepted. Under the plan of repayment, he was to pay $10.40 per month on the debt to the building and loan association.   He evidently did not have the sum of $400 in cash, but, as it afterward became clear that he was of unsound

mind, he may have honestly believed it. After the completion of the house he tried to raise the loan to $1,175, but this would not be granted by the association. He made unsuccessful attempts to borrow money from individuals. On May 18, 1931, he and Mrs. Arnold executed a deed of trust to secure the bills for material and labor, and it was duly recorded. The trustee was authorized at once to sell the house and lot for the satisfaction thereof, and a sale was undertaken pursuant to the terms of the deed of trust. One W. W. Cathron bought the property in at $900 and gave in payment a certificate of deposit on the Traders' National Bank of Tullahoma, which was accepted by the beneficiaries. The trustee executed and tendered to Cathron a deed, but payment on the certificate of deposit was stopped on the ground that in the deed of trust Mr. and Mrs. Arnold had not waived exemptions and the right of redemption. Thereupon a quitclaim to Cathron was signed and acknowledged by Mr. and Mrs. Arnold waiving these rights and interests in order to perfect the title of Cathron to the property; but it appeared that Cathron also was of unsound mind and the consummation of that sale was abandoned. The complainant filed the bill in this cause within a year from the completion of the house in order to set up and enforce its claim to liens upon the property and for a sale thereof. In August, 1931, Mr. Arnold was committed to the Central Hospital for the Insane. He was represented in this cause by a guardian ad litem. The guardian ad litem has not appealed in his behalf from the decree of the chancery court sustaining the bill. Under the prayer of the bill an attachment was issued and levied on the property.

First, as to the claims for material furnished and labor done, it appears that Mrs. Arnold was told by her husband that he had made these contracts and could pay for the material and labor at the rate of $10 per month. This rests entirely upon her testimony, but she did not say whether or not he informed her of his arrangement to borrow $800 from the building and loan association, and, although she may have thought that he was to pay $10 per month directly to the complainant and the mechanics he may have referred only to the contemplated payments of $10.40 per month to the building and loan association. At any rate she knew before the construction was begun that the house was to be built with the materials and labor so contracted for. She and Mr. Arnold lived immediately opposite the lot on which the house was built. She came to the lot day by day and saw the work being done and the materials furnished, made no objection thereto, and caused certain minor changes to be made in the construction as it was being carried on. She testified, "I thought we could pay it at the rate of $10 per month." She said that she was glad to get the house, "anything to get a house." Upon the completion of it she and Mr. Arnold occupied the house, and she was occupy-

ing it when she gave her testimony. It clearly appears that neither the mechanics nor the complainant knew of the mental unsoundness of Mr. Arnold until about two months after the work was completed.

A furnisher's or mechanic's lien will attach to a married woman's land just as if she were unmarried. Gould v. Frost, 138 Tenn., 467, 196 S. W., 949. But in order to create the lien there must have been a special contract with the owner or his agent. Shannon's Code, sec. 3531; Phillip Carey Co. v. Harrison, 138 Tenn., 697, 200 S. W., 829. Where the contract was made solely with the husband and the wife never bound the property or consented to the lien on it, a lien based on such contract cannot be enforced against her interest in the property. Baker v. Stone (Tenn. Ch. App.), 58 S. W., 761. A mechanic's or furnisher's lien is favored by the Legislature, and should not be hazarded by dangerous niceties in its enforcement; and yet, as the lien is purely statutory, it is not to be liberally construed to embrace or include others than those enumerated therein. Nanz v. Park Co., 103 Tenn., 299, 52 S. W., 999, 47 L. R. A., 273, 76 Am. St. Rep., 650, and cases cited. However, under the facts shown in this record, Mrs. Arnold must be deemed to have consented to the lien, and therefore she is charged with knowledge of the legal consequences of her acts. It is true that agency in the husband cannot be presumed from the marital relation alone; but she took an active part in supervising the construction of the building and was glad to have it constructed on land in which she had an interest as a tenant by the entirety. Her joining in the execution of the deed of trust and of the quitclaim evinced her willingness that the land be sold for the debts. It is true that she sought to disaffirm her part in these transactions on the ground that she did not execute the instruments freely and voluntarily, but the certificates of acknowledgment recite that she did, and the notaries testified that the instruments were read over and explained to her and she acknowledged them. These acts have an evidentiary value. In other jurisdictions it has been repeatedly held, upon similar facts, that the interest of a wife in the property is bound by her consent to or ratification of the contract of her husband purporting to afford a lien upon the property. Bumgartner v. Hall, 163 Ill., 136, 45 N. E., 168; Bevan v. Thackara, 143 Pa., 182, 22 A., 873, 24 Am. St. Rep., 529; Spears v. Lawrence, 10 Wash., 368, 38 P., 1049, 45 Am. St. Rep., 789; Jobe v. Hunter, 165 Pa., 5, 30 A., 452, 44 Am. St. Rep., 639; Dalton v. Tindolph, 87 Ind., 490; Wilson v. Logue, 131 Ind., 191, 30 N. E., 1079, 31 Am. St. Rep., 426. Such cases turn largely upon the principle of estoppel.

This conclusion applies without doubt to the claim of lien for the materials furnished, and would apply likewise to the claims of the mechanics had they not been assigned. They were assigned without notice either to Mr. or Mrs. Arnold, but with notice in writing

to the assignee, the complainant, that there was included an assignment of the lien. The assignee took the assignment with the understanding that it included the lien.

Shannon's Code, sec. 3545, which governs this transaction, is as follows:

"Transfer of debt, operates, how.—This lien shall operate only in favor of the mechanic or person who furnishes materials, and shall not pass to any person to whom the debt is transferred without notice of the lien."

In Burr v. Graves, 4 Lea, 555, it was held under this section that the assignee of a mechanic's lien, taking with notice of the lien, is entitled to the benefit of the lien, and may enforce the lien within the time limited for the life of the lien; and, if the assignor takes up the note, he is again entitled to his lien and may enforce it within the limited time prescribed. This appears to be interpretation that the notice required by this section is notice to the assignee. The question here is not a question of personal debt, but of the preservation of the lien. The intention to assign the lien must be shown by giving notice thereof to the assignee. In section 3539, it is provided that the lien shall continue for one year after the work is finished or materials furnished and until the decision of any suit that may be brought within that time for the debt. Under this interpretation of the section 3545 we must conclude that the lien was not lost by the assignment, as notice was given to the assignee.

It results that there is no error in the decree of the chancery court, and it is affirmed. The costs of the appeal will be adjudged against the appellant, Mrs. Jessie Arnold. The cause will be remanded to the chancery court of Bedford county for enforcement of the liens by sale of the property after thirty days from the date of the decree in this court, unless the amount awarded and costs shall have been paid within said period.

Faw, P. J., and Crownover, J., concur.