**VENTURE CONSTRUCTION COMPANY, Plaintiff/Appellant,**

v.

**APPLE MUSIC CITY, INC., and Stewart Kresge, Trustee and Robert B. Akard, Jr., Defendants/Appellees.**

Court of Appeals of Tennessee,
Middle Section at Nashville.

July 31, 1992.

Rehearing Denied Aug. 28, 1992.

Application for Permission to Appeal
Denied by Supreme Court
Nov. 30, 1992.

Gregory L. Cashion, Donald Capparella, Manier, Herod, Hollabaugh & Smith, Nashville, for plaintiff/appellant.

Wallace W. Dietz, Bass, Berry & Sims, Nashville, for defendant/appellee Stewart Kresge, Trustee.

## OPINION

CANTRELL, Judge.

A contractor, performing work for a lessee of real property, seeks to hold the lessor liable and to impose a lien on the lessor's freehold interest. The chancellor dismissed the claim. We affirm.

### I.  Facts and Procedural History

Stewart F. Kresge, Trustee, holds the legal title to the Bellevue Village Shopping Center. The beneficial owner is Raymond Zimmerman. Roy Shainberg acts as leasing agent. In early 1989, Ray Akard approached Mr. Shainberg about leasing a portion of the center for the construction and operation of an Applebee's Restaurant. The negotiations led to a lease between Apple Music City, Inc., (AMC), and Kresge whereby AMC agreed to construct the building and operate the restaurant. AMC had trouble obtaining a construction loan because of a prior mortgage on the property, so Zimmerman agreed to loan AMC $485,000 to finance the construction.

AMC hired Venture Construction Company to build the restaurant. Although AMC drew the entire amount of the loan from Zimmerman, it paid Venture only $82,321. Venture sued AMC, Kresge, and Akard seeking to collect the balance of the contract price and to enforce a lien on the real property. Venture charged that Kresge was liable as the principal on the contract because AMC was his agent, and that Kresge was also liable on the theory of unjust enrichment.

After a bench trial, the chancellor dismissed the claim against Kresge and directed the entry of a final judgment in his favor. The chancellor held that AMC was not the agent of Kresge, that Venture failed to give Kresge the proper notice to establish the lien, that Venture had notice of the provision in the lease forbidding AMC from allowing liens on the property, and that Kresge was not unjustly enriched.

### II.  Was AMC Kresge's agent?

■ Ordinarily a contractor doing business with a lessee cannot collect from the lessor nor impose a lien on the lessor's freehold interest unless the lessee is deemed the owner's agent. *Paschall's, Inc. v. Dozier*, 219 Tenn. 45, 407 S.W.2d 150 (1966); *Hussmann Refrigeration Co. v. South Pittsburg Assoc.*, 697 S.W.2d 588 (Tenn.App.1985). Since the lien is entirely statutory, the wording of the statute controls the class to whom the lien is available. *Bell Brothers & Co. v. Arnold*, 17 Tenn. App. 493, 68 S.W.2d 958 (1933). That class is defined in the statute as those having a

"special contract with the owner or his agent." Tenn.Code Ann. § 66–11–102(a).

■ Venture does not insist that it had a contract with Kresge, only that AMC was Kresge's agent. In *Hussmann Refrigeration Co.*, this court, using general agency principles, established a four-part test to determine whether the lessee was the agent of the lessor. For the purposes of the mechanic's and materialman's lien statutes, the test is:

(1) Does the lease require the lessee to construct a specific improvement on the lessor's property;

(2) Is the cost of the improvement actually borne by the lessor through corresponding offsets in the amount of rent the lessee pays;

(3) Does the lessor maintain control over the improvement; and

(4) Does the improvement become the property of the lessor at the end of the lease.

697 S.W.2d at 592.

For general purposes, the critical question is whether the principal has a right to control the conduct of the agent. *See* 3 Am.Jur.2d *Agency* § 6; *Nidiffer v. Clinchfield R.R. Co.*, 600 S.W.2d 242 (Tenn.App. 1980).

Kresge concedes that parts (1) and (4) of the *Hussmann* test are met in this case. Looking at the remaining two parts of the test, however, we think that Venture has failed to carry its burden of proof. The critical missing element is the element of control. The proof shows that Kresge, although he had the right to insist that AMC maintain certain standards of quality and safety, he had no other authority over AMC. AMC was free to select the contractor, make change orders without consulting Kresge or Zimmerman, and deal independently with Venture. Zimmerman, as the lender, also had the right to monitor the progress of the construction before making disbursements. However, taking the rights reserved by both Kresge and Zimmerman and adding them together, as Venture insists we must, the total does not amount to the ability to control AMC's actions in its relationship with Venture.

## III. Was Kresge Unjustly Enriched?

■ In *Paschall's, Inc. v. Dozier*, 219 Tenn. 45, 407 S.W.2d 150 (1966), the Supreme Court recognized that actions brought under theories of unjust enrichment, quasi contract, contracts implied in law, and quantum meruit are essentially the same. The Court said:

The most significant requirement for a recovery on quasi contract is that the enrichment to the defendant be unjust. Consequently, if the landowner has given any consideration to any person for the improvements, it would not be unjust for him to retain the benefit without paying the furnisher.

In this case, Zimmerman furnished the money to AMC for the payment of the construction costs. Therefore, it cannot be said that Zimmerman has been unjustly enriched. If we are consistent in treating Zimmerman and Kresge as one and the same, we cannot say that Kresge has been unjustly enriched either.

The heart of Venture's case is in the agency issue. Having decided that question against Venture the other issues in the case are now moot.

The judgment of the court below is affirmed. The cause is remanded to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

TODD, P.J., and LEWIS, J., concur.

## ORDER ON PETITION TO REHEAR

The appellant has filed a petition to rehear, which we have considered and find to be without merit. It is, therefore, overruled.