CITY OF CHATTANOOGA *v.* CARTER *et ux.**

(*Knoxville.* September Term, 1915.)

**HUSBAND AND WIFE.** Rights of husband. Services of wife.
The Married Women's Act (Laws 1913, ch. 26), which relieved married women from all disability on account of coverture, did not affect a wife's marital duties, and a husband, as at common law, may recover for loss of the services of his wife by reason of personal injuries sustained by her.

Acts cited and construed: Acts 1913, ch. 26.

FROM HAMILTON.

Appeal from the Circuit Court of Hamilton County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.— NATHAN L. BACHMAN, Judge.

W. J. COUNTS and FORD & YARNELL, for plaintiffs.

COLEMAN & FRIERSON, for defendant.

MR. JUSTICE FANCHER delivered the opinion of the Court.

A recovery was had by C. H. Carter, the husband, for the loss of services of his wife by reason of personal injuries sustained by her. The judgment of the circuit court was sustained by the court of civil ap-

*As to right of husband to recover for loss of consortium through personal injury to wife see notes in 33 L. R. A. (N. S.), 1042, L. R. A., 1915D, 611.

132Tenn.39

peals. It is assigned as error that no recovery can
be had by the husband in such cases since the Mar-
ried Women's Act of 1913, chapter 26, which provides
as follows:

"That married women be, and are, hereby fully
emancipated from all disability on account of cover-
ture, and the common law as to the disabilities of mar-
ried women and its effect on the rights of property of
the wife, is totally abrogated, and marriage shall not
impose any disability or incapacity on a woman as
to the ownership, acquisition, or disposition of prop-
erty of any sort, or as to her capacity to make con-
tracts and do all acts in reference to property which
she could lawfully do if she were not married; but
every woman now married, or hereafter to be married,
shall have the same capacity to acquire, hold, manage,
control, use, enjoy, and dispose of, all property, real
and personal, in possession, and to make any contract
in reference to it, and to bind herself personally, and to
sue and be sued with all the rights and incidents there-
of, as if she were not married."

It is contended that this act is so broad in its pro-
visions, and the emancipation is so complete, as to
merge all rights of action arising from injuries to the
wife into one right of action, vested in her.

The act in its caption is recited broadly to be:

"An act to remove disabilities of coverture from mar-
ried women, and to repeal all acts and parts of acts
in conflict with the provisions of this act."

City of Chattanooga v. Carter.

At common law the wife was termed a feme "covert," and her condition during marriage was called her "coverture." Blackstone recognized two features of this coverture. One feature embraced personal rights; the other the rights of property. 1 Blackstone, Com., 442.

"Upon this principle of a union of person in husband and wife depend almost all the legal rights, duties and disabilities that either of them acquire by the marriage." Id.

The act in question does not affect the legal rights and duties of that relationship further than to emancipate the wife from her disabilities that attached to the relationship. Embraced in these disabilities are her incapacity to act for herself with respect to her property, to make contracts, to bind herself personally, to sue and be sued. In fact, the wife was placed on that footing enjoyed by the husband as to the right to hold, manage, control, use, enjoy, and dispose of all property; to make any contract in reference to it and to sue and be sued.

The act does not deprive either the husband or wife of the conjugal relationship, with its duties and rights.

It results that there was no error in the action of the court of civil appeals in sustaining the judgment in favor of the husband, and it is affirmed.