Bennett v. Hutchens.

J. C. BENNETT *et al. v.* JEFFERSON HUTCHENS *et al.*

(*Knoxville.*   September Term, 1915.)

1. **HUSBAND AND WIFE.**   After acquired property.   Estates by the entireties.

Where a deed of land is to a husband and wife, an estate therein is by the entireties, and not in common, so that, on the death of one, the other takes the land absolutely.  (*Post, pp.* 68, 69.)

2. **HUSBAND AND WIFE.**   Estates by the entireties.   Deed. Construction.

Where a deed of land is to a husband and wife, it is immaterial that it does not show upon its face that they are husband and wife, or that it was the intention of the grantor to create an estate by the entireties, but the common-law requires that the estate be by the entireties.  (*Post, pp.* 69-71.)

Cases cited and approved:   Taul v. Campbell, 15 Tenn., 319; Ames v. Norman, 36 Tenn., 683; Johnson v. Lusk, 46 Tenn., 114; Berrigan v. Fleming, 70 Tenn., 271; Shields v. Netherland, 73 Tenn., 193; McRoberts v. Copeland, 85 Tenn., 211; Jackson, Orr & Co. v. Shelton, 89 Tenn., 82; Hopson v. Fowlkes, 92 Tenn., 697; Chambers v. Chambers, 92 Tenn., 707; Walker v. Bobbitt, 114 Tenn., 700; Beddingfield v. Estill & Newman, 118 Tenn., 39; Hiles v. Fisher, 144 N. Y., 306; Jordan v. Reynolds, 105 Md., 288; Pegg v. Pegg, 165 Mich., 228; In re Meyer, 232 Pa., 89; Wilson v. Frost, 186 Mo., 311.

Case cited and distinguished:   Cole Mfg. Co. v. Collier, 95 Tenn., 116.

3. **HUSBAND AND WIFE.**   Estates by the entireties.   Statutory provisions.

Shannon's Code, sec. 3677, providing that in all estates held in joint tenancy the share of the joint tenant dying shall descend to his heirs, instead of the other join tenant, does not abolish

133 Tenn. 5

estates by the entireties, but is limited to estates held in technical joint tenancy.  (*Post, pp.* 71, 72.)

Acts cited and construed:   Acts 1784, ch. 22, sec. 6.

Codes cited and construed:    Sec. 2010 (1858); sec. 3677 (S.).

4. **HUSBAND AND WIFE.**   Estates by the entireties.   Statute. Construction.

Laws 1913, ch. 26, providing that married women shall be released from all disability on account of coverture, and that the common law limiting their estates is abrogated, giving them all the rights of *feme sole,* does not affect the estates of married women held at the time of its passage, since it does not purport on its face so to do, and a statute will not be construed to alter the common-law further than it expressly declares or necessarily implies a change.  (*Post, pp.* 72, 73.)

Acts cited and construed:   Acts 1913, ch. 26.

Case cited and approved: Lillienkamp v. Rippetoe, 133 Tenn., 57.

Cases cited and distinguished:   State v. Cooper, 120 Tenn., 549; Wilson v. Frost, 186 Mo., 311.

---

FROM KNOX.

---

Appeal from the Chancery Court of Knox County.— WILL D. WRIGHT, Chancellor.

NOBLE SMITHSON, for appellants.

A. C. GRIMM and W. F. BLACK, for appellee.

MR. JUSTICE BUCHANAN delivered the opinion of the Court.

The action is ejectment brought by the collateral kindred and heirs at law of Darcus Hutchens.  The

land in suit was conveyed to her and her husband, Jefferson Hutchens, by deed dated September 22, 1897, filed for registration and registered June 24, 1899. The land conveyed by the deed was held by the husband and wife until her death intestate and without issue in September, 1914. It was thereafter held by Jefferson Hutchens until June 22, 1915, when he, by deed, conveyed it to R. L. Peters, his codefendant herein. Hutchens, we assume, was made a defendant in this suit upon the idea that, as the holder of a purchase-money lien, he was a necessary party. The defendants interposed a demurrer to the bill. The chancellor sustained the demurrer, dismissed the bill, and complainants appealed. The theory of the bill is that, upon the death of Mrs. Hutchens, complainants, as her heirs at law, became the owners of an undivided one-half interest in the land; or, in other words, the theory is that, at the time of the death of Mrs. Hutchens, she and her husband were tenants in common, each owing an undivided one-half interest in the property.

The defendants insist that, under the deed to Hutchens and wife, they were seized of an estate by the entireties, and therefore that no estate in the land passed to her heirs at law upon the death of Mrs. Hutchens.

To support complainants' theory, the first insistence advanced is that the deed on its face did not purport, and did not convey, an estate by the entireties to the grantees. So far as the provisions of the deed need be noticed, they were as follows:

"This indenture; made this 22d day of September, A. D. 1897, between Rufus M. Bennett, of Knox county, in the State of Tennessee, of the first part, and Darcus Hutchens and Jefferson Hutchens, of the same county and State, of the second part, witnesseth."

Then follows a recital that the parties of the first part, for and in consideration of the sum of $1 in hand paid by the parties of the second part, the receipt of which is acknowledged, have granted, bargained, sold, and conveyed,

"and doth hereby grant, bargain, sell and convey unto the said parties of the second part the following described premises, to wit."

Here is recited a description of the land, and then:

"With the hereditaments and appurtenances thereunto appertaining, . . . except the said Darcus Hutchens and Jefferson Hutchens of the second part are to pay an annual rent of the sum of $25 to the said Rufus M. Bennett as long as he may live."

Then follow the usual habendum clause and general covenants of warranty, the testimonium clause, the signature of the grantor, signature of a witness, certificates of acknowledgment, etc., all in proper form.

The stipulation for an annual rental was part of the consideration for the deed. The bill avers that the grantees in the deed were husband and wife when it was made.

We think it is clear that this deed vested in Jefferson and Darcus Hutchens an estate by the entireties. Such a deed to persons not husband and wife, considered

under the common law, would have created in the grantees an estate in joint tenancy. Each of the grantees under such a deed would have taken as individuals, one and the same interest at one and the same time by one and the same deed, and they would have held the estate conveyed by one and the same undivided possession. By the authorities it is held that a deed to husband and wife, which would at common law have created in them an estate in joint tenancy, had they not been married, does, by the fact of the marriage, create in the husband and wife an estate by the entireties. This upon the reasoning that in the eye of the law husband and wife are not separate individuals, but one person, and the estate vests in them as an entirety. In legal contemplation, each of them is seised of the whole estate, and the death of one of them does not put an end to the seisin of the survivor, because his or her original seisin was of the whole, and not of part, of the estate.

It is immaterial that the deed in the present case did not on its face name the grantees as husband and wife; nor is it material that we find in the deed no words used to indicate a purpose in the grantor to create an estate by the entireties; nor a purpose in the grantees that such an estate should be conferred upon them. The estate, by the entireties, upon the execution of the deed, depended on the unity of the husband and wife, under the common law.

"If an estate be given to a man and his wife they are neither properly joint tenants nor tenants in common;

for husband and, wife being considered as one person in law, they cannot take the estate by moieties but both are seized of the entirety, *per tout, et non per my*; the consequence of which is that neither the husband nor the wife can dispose of any part without the assent of the other, but the whole must remain to the survivor." 2 Bla. Com., 182.

"The authorities agree that 'the same words of conveyance which would make two other persons joint tenants will make a husband and wife tenants of the entirety, so that neither can sever the jointure, but the whole must accrue to the survivor.' " *Cole Manufacturing Co.* v. *Collier,* 95 Tenn. (11 Pick.), 116, 117, 31 S. W., 1000, 30 L. R. A., 315, 49 Am. St. Rep., 921.

"The properties of a joint estate are derived from its unity, which is fourfold—the unity of interest, the unity of title, the unity of time, and the unity of possession; or, in other words, joint tenants have one and the same interest, accruing by one and the same conveyance, commencing at one and the same time, and held by one and the same undivided possession." 2 Bla. Com., 180.

Generally, on the same subject, see the following of our cases: *Taul* v. *Campbell,* 15 Tenn. (7 Yerg.), 319, 27 Am. Dec., 508; *Ames* v. *Norman,* 36 Tenn. (4 Sneed), 683, 70 Am. Dec., 269; *Johnson* v. *Lusk,* 46 Tenn. (6 Cold.), 114, 98 Am. Dec., 445; *Berrigan* v. *Fleming,* 70 Tenn. (2 Lea), 271; *Shields* v. *Netherland,* 73 Tenn. (5 Lea), 193; *McRoberts* v. *Copeland,* 85 Tenn. (1 Pick.), 211, 2 S. W. 33; *Jackson, Orr & Co.* v. *Shelton,*

Bennett v. Hutchens.

89 Tenn. (5 Pick.), 82, 16 S. W., 142, 12 L. R. A., 514; *Hopson* v. *Fowlkes,* 92 Tenn. (8 Pick.), 697, 23 S. W., 55, 23 L. R. A., 805, 36 Am. St. Rep., 120; *Chambers* v. *Chambers,* 92 Tenn. (8 Pick.), 707, 23 S. W., 67; *Walker* v. *Bobbitt,* 114 Tenn. (6 Cates), 700, 88 S. W., 327; *Beddingfield* v. *Estill & Newman,* 118 Tenn. (10 Cates), 39, 100 S. W., 108, 9 L. R. A. (N. S.), 640, 11 Ann. Cas., 904. For general authority to the same effect, see *Hiles* v. *Fisher,* 144 N. Y., 306, 39 N. E., 337, 30 L. R. A., 305, and note, 43 Am. St. Rep., 762; *Jordan* v. *Reynolds,* 105 Md., 288, 66 Atl., 37, 9 L. R. A. (N. S.), 1026, and note, 121 Am. St. Rep., 578, 12 Ann. Cas., 51; *Pegg* v. *Pegg,* 165 Mich., 228, 130 N. W., 617, 33 L. R. A. (N. S.), 166, and note, Ann. Cas., 1912C, 925; *In re Meyer,* 232 Pa., 89, 81 Atl., 145, 36 L. R. A. (N. S.), 205, and note, Ann. Cas., 1912C, 1240; *Wilson* v. *Frost,* 186 Mo., 311, 85 S. W., 375, 105 Am. St. Rep., 619, 2 Ann. Cas., 557, and note.

Complainants' second insistence is that estates by the entirety were abolished by our Acts 1784, ch. 22, sec. 6. See section 2010, Code 1858, and section 3677, Shannon's Code, which legislation is as follows:

"In all estates, real and personal, held in joint tenancy, the part or share of any joint tenant dying shall not descend or go to the surviving tenant or tenants, but shall descend or be vested in the heirs, executors, or administrators, respectively, of the tenant so dying, in the same manner as estates held by tenancy in common."

The view now insisted on by complainants as the effect of the above legislation was put forward, but rejected, by our court in *Taul* v. *Campbell,* supra, and other of our cases heretofore cited. We are urged to overrule those cases, but we decline to do so, both upon the ground that upon them now depend well-settled rules of property, and because in our opinion their reasoning is sound.

The final insistence offered by complainants is that the effect of chapter 26 of the published Acts of 1913 was to abrogate the fundamental principles of the common law under which, by virtue of the marriage, husband and wife became a legal unity, and their argument is that, such being the effect of the act, the result was to destroy all existing estates by entireties, including that held by Hutchens and wife in the land sued for herein. The bill avers that the wife, Mrs. Hutchens, died after the act took effect.

We have had occasion, during the present term, to consider this act in the case of *Sarah Lillienkamp* v. *W. T. Rippetoe,* 179 S. W., 628, Knox Law, and an opinion for publication was handed down. The conclusion we reached in that case was not in accord with the present insistence of the complainants.

The act does not, by its terms, purport to abrogate estates held by entireties at the time of its passage, and created by contract antedating its passage. If the legislature had intended the act to have such effect, we must assume that it would either in plain terms have so declared, or that it would have employed terms from

the use of which such. effect would necessarily result. In the absence of such declaration or clear implication that the act should have such effect, we are not called upon to express any opinion based on the hypothesis of the presence of such a legislative purpose; nor do we express any opinion as to what the effect of the act would be on the estate conveyed to husband and wife by deed executed after the act became effective. The rule in this State is:

"That a statute will not be construed to alter the common law further than the act expressly declares, or than is necessarily implied from the fact that it covers the whole subject-matter." *State* v. *Cooper*, 120 Tenn. (12 Cates), 549, 113 S. W., 1048, 15 Ann. Cas., 1116 and authorities cited; *Sarah Lillienkamp* v. *W. T. Rippetoe*, supra, and cases cited; *Wilson* v. *Frost*, 186 Mo., 311, 85 S. W., 375, 105 Am. St. Rep., 619, 2 Ann. Cas., 557, and note.

Examination of the cases cited in the note last above will disclose the weight of authority to be in support of our view of the effect of the act of 1913.

The three questions we have discussed dispose of all of the assignments of error made by complainants, and it results that the decree of the chancellor will be affirmed, at the complainants' cost.