MINNIE V. McIRVIN *v.* LINCOLN MEMORIAL UNIVERSITY.

(*Knoxville.*   September Term, 1917.)

**LIMITATION OF ACTIONS.   Married women.   Statute.**

Acts 1913, chapter 26 (Thompson's Shannon Code, section 4249a), emancipating married women from all disability of coverture, and providing they shall have the same capacity to sue and be sued, "with all the rights and incidents thereof," as if unmarried, removes the exemption in section 4448 of married women from the general statute of limitations till after removal of such disability.

Acts cited and construed:   Acts 1913, ch. 26.

Cases cited and approved:   Lillienkamp v. Rippetoe, 133 Tenn., 57;   Knoxville Ry. & Light Co. v. Vangilder, 132 Tenn., 487;   Bond v. Beverly, 152 N. C., 63;   Graves v. Howard, 159 N. C., 594;   Wyatt v. Wyatt, 81 Miss., 219;   Gould v. Frost, 138 Tenn., —.

Code cited and construed:   Secs. 4249a, 4448 (T. S.).

FROM KNOX.

Appeal from the Circuit Court of Knox County.— VON A. HUFFAKER, Judge.

GREEN, WEBB & TATE and J. BAILEY WRAY, for appellant.

L. D. SMITH and BROWN & BURROWS, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

When the married woman's emancipation act (1913, chapter 26) went into effect, was the exemption of married women from the operation of the general statute of limitations abrogated?

The action in favor of plaintiff, a married woman, was for personal injuries to herself, and was commenced after the lapse of the period of one year from the accrual of the cause of action, allowed by the statute of limitations for the bringing of suit.

It is claimed by the plaintiff that the suit is saved from the bar of that statute by reason of the exemption clause in favor of married women.

Thompson's-Shannon's Code, section 4448, is as follows:

"If the person entitled to commence the action is, at the time the cause of action accrued, . . . a married woman, such person . . . may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceed three years, and in that case within three years from the removal of such disability."

The defendant contends that this saving clause is not applicable since the married woman's act went into effect, January 1, 1914, and the injuries were sustained subsequent to that date.

That act was one "to remove disabilities of coverture from married women," and provides that married women are fully emancipated from all disability

on account of coverture, and that every woman now married shall have the same capacity to sue and be sued with all the rights and incidents thereof, as if as if she were not married: Act 1913, chapter 26, Thompson's-Shannon's Code, section 4249a.

It was held in *Lillienkamp* v. *Rippetoe*, 133 Tenn., 57, 179 S. W., 628, L. A. R., 1916B, 881, Ann. Cas., 1917C, 901, that the last-named act did not abrogate the common-law rule that one spouse cannot sue the other for assault; and the same ruling has been made quite general in other jurisdictions in respect of all civil actions sought to be brought by the wives against their husbands, notwithstanding emancipation acts which do not expressly confer that right. These decisions, however, are based upon the principle of public policy involved in the common-law rule denying the right of action.

We are to deal here with a claim of exemption based upon a statute, not upon the common law or upon any considerations of public policy.

In *Knoxville Ry. & Light Co.* v. *Vangilder*, 132 Tenn., 487, 499, 178 S. W., 1117, L. R. A., 1916A, 1111, it was held that a married woman's right of action for her personal injuries was within the purview of the provision respecting her suing as if she were a *feme covert*.

The courts are in hopeless conflict on the far-reaching question that stands for solution, and the reasoning in favor of each of two views and rulings is as cogent as the conclusions reached are divergent.

The arguments advanced in the cases that hold that the exemption of married women from the general statute of limitations remains effective in such circumstances may be thus summarized:

(a) The wife is always largely under the influence and control of her husband, and the naked legal right to sue may be of little avail to her, if his influence or command be that suit shall not be brought.

(b) A married woman is not exempted from the operation of the general statute merely because she is not allowed to sue alone, but on account of the marital relation itself, which may be supposed to disable or embarrass her in the assertion of her rights.

(c) Mere ability to sue does not create an obligation to do so.

(d) There is no logical impropriety in the legislature providing that a married woman may sue alone, and in providing also that she may be given time to sue after the disability of coverture is removed; therefore a repeal of the earlier statute by implication is not effected by reason of repugnancy in the two acts.

Adhering to this view are the courts of Kentucky, Missouri, New Jersey, Ohio, Oregon, and Wyoming, and Mr. Woods in 2 Wood on Lim. (2d Ed.), section 240.

The reasoning in cases holding to the contrary is as follows:

(a) It is the disability as the result of marriage, and not the marriage itself, that is the reason for the excep-

tion or saving clause in the general statute. It is the disability that is removed; the marriage *status* is not in contemplation for removal as an impediment.

(b) The reason for the exception ceasing, the saving clause ceases also, and is no longer protective of the married woman.

Announcing this doctrine are the decisions in a majority of the jurisdictions that have pronounced: England, Arkansas, California, Georgia, Illinois, Indiana, Maine, Michigan, Nebraska, New York, Pennsylvania; and, more recently and since the passage of acts of complete emancipation, as we understand their dicisions, the courts of North Carolina (*Bond* v. *Beverly,* 152 N. C., 63, 67 S. E., 55, and *Graves* v. *Howard,* 159 N. C., 594, 75 S. E., 998, Ann. Cas., 1914C, 565) and Mississippi (*Wyatt* v. *Wyatt,* 81 Miss., 219, 32 South., 317).

We are of opinion that the direction to be given our ruling on the point was indicated by the opinion of this court in the recent case of *Gould* v. *Frost,* 138 Tenn., 467, 196 S. W., 949. It was there that a section (3532, Thompson's-Shannon's Code) of the mechanic's lien statute which contained a provision which tended to the protection of married women as a class was abrogated by the married woman's act, generally known as the emancipation act, since the effect of the later act was completely to emancipate so far as disability inhering in marriage was concerned.

The section of the mechanic's lien act provided that the lien should have application to lands of *femes covert*

McIrvin v. Lincoln Memorial University.

when the contract is evidenced by a writing signed by her. In the case referred to there was no written agreement. It was said that the legislature intended, by this provision in favor of married women, to obviate "the disability of coveture" and to prescribe the manner in which it could be done; that such disability was the reason for the exceptional and favorable treatment accorded when it was required that there be a signed written instrument in order to the binding of the realty of *femes covert*. It therefore followed that when the later act removed that disability, the reason for the shielding clause in the earlier act ceased; and the lien of the mechanic was enforced.

The argument was that employed in the cases that announce the majority rule on the question under consideration in the pending case. It results that the removal of the disability of coverture and the grant to plaintiff of the right to sue and be sued "with all the incidents thereof, as if she were not married," removed the exemption which otherwise would have excluded her from the operation of the statute of limitations. Plaintiff's cause of action arose after the emancipation act went into effect and was barred, therefore, when she brought suit.

The court of civil appeals and the trial judge reached the same conclusion, and an affirmance results. So ordered.