IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## WESTERN DIVISION,

### JACKSON, APRIL TERM, 1918.

MAYO *et ux. v.* BANK OF GLEASON.

(*Jackson.* April Term, 1918.)

1. **GUARDIAN AND WARD.** Termination. Marriage of Ward.
Under the provisions of Act 1913 Thompson's-Shannon's Code, section 4249a) for the emancipation of married women, the marriage of a minor female does not terminate her guardianship. (*Post, pp.* 424-426.)

Acts cited and construed: Acts 1913, ch. 26.

Cases cited ad approved: Prewitt v. Bunch, 101 Tenn., 723; Minter v. Clarke, 92 Tenn., 460; Lane v. Farmer, 79 Tenn., 568; State v. Parker, 67 Tenn., 497; Jones v. Ward, 18 Tenn., 160; Williford v. Phelan, 120 Tenn., 589; Sanders v. Forgasson, 62 Tenn., 249; Gill v. McKinney, 204 S. W., —; Hull v. Hull, 202 S. W., 914; Day v. Burgess, 202 S. W., 911; Gould v. Frost, 138 Tenn., 467; McIrvin v. Lincoln University, 138 Tenn., 260; Snyder v. Jett, 138 Tenn., 211; Travis v. Sitz, 135 Tenn., 156; Baker v. Dew, 133 Tenn., 126; Bennett v. Hutchens, 133 Tenn., 65; Lillienkamp v. Rippetoe, 133 Tenn., 57; Chattanooga v. Carter, 132 Tenn., 609; Knoxville Ry. & Light Co. v. Vangilder, 132 Tenn., 487; Parlow v. Turner, 132 Tenn., 339.

Codes cited and construed: Sec. 4249a (T.-S.).

2. **HUSBAND AND WIFE.** Married Women's Act. Construction. The provisions of Thompson-Shannon Code, section 4249a, for the emancipation of married women, contravene the common law, and the court will not unnecessarily extend the terms thereof by construction. (*Post, pp.* 426, 427.)

Cases cited and approved: Shipley v. Smith, 162 Ind., 526; Harrod v. Myers, 21 Ark., 592.

---

FROM WEAKLEY.

---

Appeal from the Chancery Court of Weakley County.—Hon. Joseph E. Jones, Judge.

L. McCoy and J. M. Troutt, for appellants.

Jones & Suddath, for appellee.

Mr. Justice Fentress delivered the opinion of the Court.

Complainants are husband and wife, and the defendant is the guardian of the wife, who is a minor eighteen years of age.

The bill seeks a final settlement with the guardian, and decree for the estate of the wife. The chancellor was of the opinion that the marriage of the infant wife did not terminate the guardianship, and dismissed the bill.

We think the decree of the chancellor is correct. Prior to the passage of the Bejach Law (Acts of 1913, chapter 26), emancipating married women from the

disability of coverture, the guardianship of a minor female ceased upon her marriage. *Prewitt* v. *Bunch,* 101 Tenn., 723, 50 S. W., 748; *Minter* v. *Clarke,* 92 Tenn., 460, 22 S. W., 73; *Lane* v. *Farmer,* 11 Lea, 568; *State* v. *Parker,* 8 Baxt., 497; *Jones* v. *Ward,* 10 Yerg., 160.

The reason for this was that at common law marriage effectuated a gift to the husband of all the wife's personalty. *Williford* v. *Phelan,* 120 Tenn., 589, 113 S. W., 365; *Prewitt* v. *Bunch,* supra.

The guardian could settle with the husband and deliver the ward's personal property to him. *Prewitt* v. *Bunch,* supra; *Lane* v. *Farmer,* supra; *Sanders* v. *Forgasson,* 3 Baxt., 249.

The law having given all the wife's personal property to the husband, of course, the necessity for the guardianship ceased.

The act of 1913 (Thompson's-Shannon's Code, section 4249a) expressly abolished the rule of the common law. It provides:

"Married women are hereby fully emancipated from all disability on account of coverture, and the common law as to the disabilities of married women and its effects on the rights of property of the wife is totally abrogated, and marriage shall not impose any disability or incapacity on a woman as to the ownership, acquisition, or disposition of property of any sort or as to her capacity to make contracts and do all acts in reference to property which she could lawfully do if she were not married; but every woman

now married, or hereafter to be married, shall have the same capacity to acquire, hold, manage, control, use, enjoy, and dispose of, all property, real and personal, in possession and to make any contract in reference to it, and to bind herself personally, and to sue and be sued, with all the rights and incidents thereof as if she were not married.''

This act has been construed by this court in the following cases: *Gill* v. *McKinney,* 204 S. W.,—*Hull,* v. *Hull,* 202 S. W., 914; *Day* v. *Burgess,* 202 S. W., 911; *Gould* v. *Frost,* 138 Tenn., 467, 196 S. W., 949; *Mc-Irvin* v. *Lincoln University,* 138 Tenn., 260, 197 S. W., 862; *Snyder* v. *Jett,* 138 Tenn., 211, 197 S. W., 488; *Travis* v. *Sitz,* 135 Tenn., 156, 185 S. W., 1075, L. R. A., 1917A, 671; *Baker* v. *Dew,* 133 Tenn., 126, 179 S. W., 645 *Bennett* v. *Hutchens,* 133 Tenn., 65, 179 S. W., 629; *Lillienkamp* v. *Rippetoe,* 133 Tenn., 57, 179 S. W., 628, L. R. A., 1816A., 1916B, 881, Ann. Cas., 1917C, 901; *Chattanooga* v. *Carter,* 132 Tenn., 609, 179 S. W., 127; *Knoxville Ry. & Light Co.* v. *Vangilder,* 132 Tenn., 487, 178 S. W., 1117, L. R. A., 1916A, 1111; *Parlow* v. *Turner,* 132 Tenn., 339, 178 S. W., 766.

As the emancipation act provides that by marriage the wife shall not be divested of her personalty, but that her status as to her property, after marriage, shall be that of a *feme sole,* it follows that her disabilities prior to marriage must continue thereafter, unless otherwise provided by the act or necessarily implied thereby. The act contravenes the common law, and this court has heretofore held that it will not

unnecessarily extend its terms by construction. *Baker* v. *Dew,* supra; *Bennett* v. *Hutchens,* supra.

There is nothing in the statute indicating an intention to remove disability incident to minority, and the courts of other states, having similar statutes, have so held. *Shipley* v. *Smith,* 162 Ind., 526, 70 N. E., 803; *Harrod* v. *Myers,* 21 Ark., 592, 76 Am. Dec., 409.

The decree of the chancellor is affirmed.