Van Voorhis, J.
The Appellate Division has unanimously affirmed an order and judgment dismissing plaintiff’s complaint on motion for legal insufficiency. Plaintiff sues to recover damages on account of personal injuries alleged to have been sustained by her husband in consequence of defendants’ negligence. The complaint is based on loss of consortium. Insofar as loss of financial support by the husband enters into the claim, that is not an element of damage which pertains to the wife’s cause of action but belongs to the husband.
An action for loss of consortium is not maintainable under the recent decision in Don v. Benjamin M. Knapp, Inc. (306 N. Y. 675), nor under earlier decisions (Landwehr v. Barbas, 241 App. Div. 769, affd. 270 N. Y. 537; Passalacqua v. Draper, 279 App. Div. 660), notwithstanding the decision in the United States Court of Appeals for the District of Columbia in Hitaffer v. Argonne Co. (183 F. 2d 811), followed in Georgia by Brown v. Georgia-Tennessee Coaches (88 Ga. App. 519) and in Iowa by Acuff v. Schmit (78 N. W. 2d 480).
*527 To decide otherwise would be contrary to principle as well as contrary to precedent. The argument that equality of the sexes calls for a change overlooks that the husband’s right to damages for loss of consortium is'based on outworn theory. It derives from the time when the wife was regarded in law in some respects as her husband’s chattel. He was allowed damages for injury to her in much the same manner that he would have been allowed damages for the loss or injury of one of his domestic animals. In Law and Contemporary Problems (Vol. 18, pp. 219, 229), this argument of appellant is answered by Professor Jaffe: “More persuasive is the argument that since the husband has an action, so should the wife. But his action is a fossil from an earlier era. It is one of a group of archaic actions based on the notion that the paterfamilias was alone competent to sue for losses suffered by the family unit. The husband was entitled to his wife’s service and this included the sentimental elements of her person and presence. The law did not seek to set a value on consortium as such [citing Marri v. Stamford St. R. R. Co., 84 Conn. 9]. When to the husband’s action, there is now added the wife’s action for negligent injuries (which being emancipated she is entitled to bring) there is a danger of duplicating elements of damage. Ingenious efforts must be made to disentangle from the wife’s recovery the constituents of the husband’s cause of action. Indeed, the emancipation argues for the restriction or abolition of these actions rather than their extension. Some courts have been bold enough entirely to abolish the husband’s action [citing Marri v. Stamford St. R. R. Co., 84 Conn. 9; Bolger v. Boston El. Ry., 205 Mass. 420; and Helmstetter v. Duke Power Co., 224 N. C. 821], and one has restricted the husband to the loss of services previously enjoyed, refusing to allow loss of consortium to be valued in either direction [citing Felton v. Wedthoff, 185 Mich. 72].”
The judgment appealed from should be affirmed, with costs.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Froessel and Burke concur.
Judgment affirmed.