**Rose VALITUTTO, as Limited Administratrix of the Goods, Chattels and Credits of Dominick Valitutto, Deceased, Plaintiff,**

v.

**D/S I/D GARONNE and Barber Steamship Lines, Inc., Defendants.**

No. 68 Civ. 953.

United States District Court
S. D. New York.

Jan. 14, 1969.

Solomon R. Agar and Frederic R. Grae, Staten Island, N. Y., for plaintiff.

Alexander, Ash & Schwartz, New York City, for defendant D/S I/D Garonne; Joseph A. Cohen, New York City, of counsel.

MANSFIELD, District Judge.

In this action as instituted on March 6, 1968, plaintiff, a longshoreman's widow acting in her capacity as administratrix of his estate, sues the owner of the S. S. Ferndale (D/S I/D Garonne) and its general agent (Barber Steamship Lines, Inc.) for her husband's alleged wrongful death as the result of an accident which occurred in the course of his unloading the ship on navigable waters in New York harbor. The complaint, invoking diversity jurisdiction, alleged that the accident was caused by the vessel's unseaworthiness and defendants' negligence. Following institution of the action, the New York Court of Appeals on July 2, 1968, handed down a 4–3 decision in Millington v. Southeastern Elevator Co., 22 N.Y.2d 498, 293 N.Y.S.2d 305, 239 N.E.2d 897, overruling its earlier decision in Kronenbitter v. Washburn Wire Co., 4 N.Y.2d 524, 176 N.Y.S.2d 354, 151 N.E.2d 898 (1948), which had refused to recognize a wife's claim for consortium, and held that such a claim would now be recognized in New York. Shortly thereafter plaintiff moved, pursuant to Rule 15(a), F.R.Civ. P., for leave to amend her complaint to state a cause of action by her individually for loss of consortium as a result of the accident causing her husband's death. Her motion must be denied for the reason that the proposed amendment is precluded by the recent decision of the Court of Appeals for this Circuit in Igneri v. Cie De Transports Oceaniques, 323 F.2d 257 (2d Cir. 1963), where in a learned and exhaustive opinion by Judge Friendly it held that maritime law does not recognize such an action.

■ Plaintiff's proposed individual claim is on all fours with that dismissed in *Igneri*. In that case the wife of a longshoreman allegedly injured by the shipowner's negligence or the ship's unseaworthiness sought to recover for loss of consortium. Federal jurisdiction was invoked on the basis of diverse citizenship. After a thorough review of the existing state of the law, including decisions in various jurisdictions recognizing a wife's right to sue for loss of consortium, the court held that maritime law does not recognize such a claim. In reaching this conclusion Judge Friendly pointed out that Congressional policy as expressed in various statutes authorizing suits by seamen for death and injuries occurring aboard ship (e. g., Jones Act, 46 U.S.C. § 688, Death on the High Seas Act, 46 U.S.C. §´761 et seq.) limited the claim and the damages recoverable to preclude recovery for loss of consortium. The court further held that the warranty of unseaworthiness does not extend to seamen's relatives, and that it would be illogical to permit wives of longshoremen or harborworkers doing ship's work to sue for loss of consortium when seamen's wives were denied such right.

■ The only new factor interposed by the plaintiff here is the decision of the New York Court of Appeals in *Millington*, which represents a change in New York decisional law since Judge Friendly's opinion. However, as the court pointed out in *Igneri*, the widow's claim there, like the proposed suit for loss of consortium here

"is governed not by the law of New York but by the general maritime law. Although she was not aboard ship, it was the impact on her husband, which occurred on navigable waters, that caused the injury to her. Jordan v. States Marine Corp., 257 F.2d 232 (9 Cir., 1958); Pruitt v. M. S. Rigoletto, D.C., 211 F.Supp. 295, supra. * * * Suits by a husband, father, or wife for injury allegedly resulting from a shipboard accident to a family member have uniformly been held to involve maritime torts. * * * The wrong to Mrs. Igneri, if any, being maritime, it is unnecessary to do more than cite Garrett v. Moore-McCormack Co., 317 U.S. 239, 244–245, 63 S.Ct. 246, 87 L.Ed. 239 (1942); Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 409–410,

74 S.Ct. 202, 98 L.Ed. 143 (1953); and Kermarec v. Compagnie Generale Transatlantiqué, 358 U.S. 625, 628, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959), for the proposition that if the maritime law recognizes a claim such as that here asserted, this could not be defeated by a contrary New York rule." (Igneri v. Cie de Transports Oceaniques, 323 F.2d at 259)

Conversely the fact that the New York rule has been changed does not alter the decision of the Court of Appeals in *Igneri* or affect the bases of that decision, which rested on grounds other than those found in *Millington*.

Plaintiff's contention that *Igneri* ruled out only suits for loss of consortium based upon unseaworthiness or liability without fault must be rejected for the reason that the court in *Igneri* also had before it a claim based on negligence and Judge Friendly expressly held that such a claim would not be entertained, stating:

> "It is true that, as a longshoreman, Peter Igneri, unlike a seaman, had a right to recover for personal injury for negligence of the vessel, based on non-statutory maritime law. * * * But that does not mean that in considering the novel question whether the spouse of a ' longshoreman should be allowed to recover for loss of consortium, we should ignore the maritime law denying any such right to the spouse of a seaman. The failure of the Jones Act to confer such a right on the spouse of a seaman cannot be dismissed as an inadvertence. * * *

> "If there were evidence that maritime law generally recognized a claim for negligent injury to such an intangible right, or if the common law clearly authorized a wife's recovery, the gravitational pull of such concepts with respect to the wife of a longshoreman might be stronger than that of the analogy to the statute denying such recovery to a seaman's wife. But, with neither of these conditions realized, our duty to avoid capricious differences in treatment between similarly situated persons forbids our fashioning a rule that would place the spouse of a harbor-worker in a different, and better, position than the spouse of a seaman. Perceiving the anomaly in the rule which forbade a seaman, but not a harbor-worker, to recover for negligence against the ship, Congress largely ended the discrimination against seamen by passing the Jones Act; we should not create a new anomaly by giving the harbor-worker's wife a claim denied to the seaman's. * * * We can think of no reason why Congress, having ruled out a maritime claim against the ship for loss of consortium by the spouse of a negligently injured seaman, would wish the courts to construct one for the spouse of a negligently injured stevedore." (Igneri v. Cie de Transports Oceaniques, 323 F. 2d at 266-67).

■ While it is true that the New York wrongful death action may be invoked by the plaintiff in her representative capacity, the state statute, as Judge Friendly pointed out (p. 259 n. 1), is utilized only to fill a gap in maritime law, and it does not result in plaintiff's claim being governed by New York decisional law merely because jurisdiction is asserted on grounds of diversity. The proposed claim is governed by maritime law which has been clearly and explicitly set forth in *Igneri*.

Accordingly, the motion is denied.

It is so ordered.