**Roland M. SACHENBACHER, and wife Roslyn Sachenbacher, Plaintiffs-Appellants,**

v.

**Jerry O. LAWLER, Defendant-Appellee.**

Court of Appeals of Tennessee, Western Section.

Oct. 19, 1981.

Permission to Appeal Denied by Supreme Court May 3, 1982.*

* Drowota, J., dissents.

Jack Magids and Charles C. Cottam, of law firm of Krivcher & Magids, P. A., Memphis, for plaintiffs-appellants.

Ralph Holt and Janice M. Holder, of the law firm of Holt, Batchelor, Spicer & Ryan, Memphis, for defendant-appellee.

TOMLIN, Judge.

But for the issue presented in this case, this would be a run-of-the-mill intersection accident involving two vehicles. The plaintiffs have appealed a jury verdict rendered against them in the Circuit Court of Shelby County. The singular issue presented to us by this appeal is whether or not the trial court erred in charging the jury as to the law on contributory negligence, rather than giving in its place a special request submitted by the plaintiffs, which would have charged the law as to one of the forms of comparative negligence. As we will hereafter explain, we find no error on the part of the trial court, and its judgment is affirmed.

The material facts relevant to this appeal are as follows: The plaintiff Roland Sachenbacher was driving his vehicle south on Lamar Avenue in Memphis when he entered the turn lane in the center of the street, preparatory to making a left turn onto Pearson, which intersects Lamar. The intersection is controlled by electric traffic signals.

At about the same time, the defendant was driving his vehicle in a northerly direction on Lamar, south of and approaching the intersection. As one might expect, as the plaintiff was executing his turn, his vehicle and that driven by defendant collided. Each party suffered personal injuries and property damage.

After the plaintiffs sued, the defendant counter-claimed. Most of the testimony about the accident is disputed—the relative speed, color of the lights and distance between the vehicles when plaintiff began his turn.

At the conclusion of all the proof, plaintiffs submitted the following special request, which the court rejected.

With reference to the law of contributory negligence, if you find from the evidence that the plaintiff in the particular case you are considering was guilty of contributory negligence, that is, if you find that the plaintiff's negligence contributed proximately along with the negligence of the defendant to bring about the accident and resulting injuries to the plaintiff, then that contributory negligence on the part of the plaintiff would not bar plaintiff's recovery, but you must reduce or diminish the amount of the recovery that you would award the plaintiff by the degree of contributory negligence, if any, of which you find the plaintiff guilty.

The trial court did give the following charge on contributory negligence:

Under the law, if a plaintiff is guilty of negligence that directly and proximately contributes, along with the negligence of a defendant, to cause or bring about an accident and resulting injuries or damages, then that direct and proximate contributory negligence, however slight, will bar recovery. If the negligence of a plaintiff is not direct and proximate, but only remotely contributes to bring about an accident and resulting injuries or damages, there may be a recovery, but you must diminish or reduce the recovery which you would otherwise give such a plaintiff by that degree of remote contributory negligence, if any, of which you may find a plaintiff guilty.

The original plaintiffs in their brief aptly describe what happened in the trial court. The jury found for the defendant in the original action and the counter-defendant on the counter-claim, "finding that both parties were guilty of negligence which proximately caused their respective injuries. Consequently, neither party was entitled to recover from the other."

It is acknowledged that this Court has no authority to bring about such a radical change in the law, as they advocate. However, plaintiffs would have this Court, after acknowledging this absence of power, nonetheless, to say something favorable to their position, in hopes that the Supreme Court might give heed to their cause. Not only do we decline to follow plaintiffs' urging in this regard, but we also take issue with their arguments in favor of comparative negligence.

Inherent in our common law system, which we inherited from our mother country, is the concept of fault—of being responsible for our own actions. In tort law, the doctrine of contributory negligence enunciates this. Without damaging or changing the concept, the courts of this state have, from time to time, created certain modifications, to be applied by the trial courts when the facts dictate.

This case is a prime example, not of a case that reflects "the type of harsh and arbitrary result" occasioned by the doctrine of contributory negligence, but of a case where justice prevailed because of the doctrine of contributory negligence. Since both parties were guilty of negligence that proximately caused their respective injuries, is it not equity to let the losses lie where they fall? We answer our own question in the affirmative.

Not only is this Court without the desire to bring about such a change, it is without the power to do so. Judge (now Justice) Drowota, speaking for the Middle Section of this Court, made this abundantly clear in the case of *Gross v. Nashville Gas Co.*, 608 S.W.2d 860 (Tenn.App.1980) in addressing the very issue now presented to us:

This court finds merit in the appellants' arguments that some form of comparative negligence represents the better law for these times, and would favor the adoption of the new rule in one of its forms—by either the Supreme Court of this state or by the legislature. We express no preference for which of the various forms of the rule be adopted, and leave that decision up to whatever body decides to address the problem. Again, we urge serious consideration of the change in law as argued by appellants, *but do not believe we are the proper body to address the issue.* (emphasis supplied). (*Id.* at 874)

*Gross* was a much more favorable vehicle for plaintiff's position than the case before us. Nonetheless, our Supreme Court denied certiorari.

One of plaintiffs' strongest arguments in favor of adopting comparative negligence in Tennessee is the statistical data presented—37 of the 50 states have adopted one of the three forms of comparative negligence. An examination of this data supports to a large degree our ultimate conclusion—that this issue is of such breadth and scope that it should be resolved by the legislature, not by the courts. Of the 37 states, in only six has comparative negligence been, adopted by judicial decree. In the other 31, some 84 per cent of the total, it was the legislative body that enacted the change.

We are of the opinion that the law of contributory negligence is in pari materia with the law governing a wife's cause of action for loss of consortium and the law pertaining to governmental immunity. We quote with full approval the following language from *Rush v. Great American Insurance Co.*, 213 Tenn. 506, 376 S.W.2d 454 (1964), which we deem most appropriate to this case:

The primary function of this Court is to interpret and apply the law to given situations. To legislate is wholly foreign to our duty. (*Id.* 376 S.W.2d at 458)

We do not think it is within our province to create in this State a new action which was unknown at the common law and has

not been provided for by statute. In other words, we believe this to be a matter for the decision of the Legislature and not for the courts. Such matters are committed to the intelligence and discretion of the members thereof and the courts will not run a race of opinions with these representatives of the people upon the question of the wisdom and propriety of such legislation. (*Id.* 376 S.W.2d at 459)

The judgment of the trial court is affirmed. Costs of this appeal are taxed to plaintiffs' for which execution may issue.

NEARN and SUMMERS, JJ., concur.