PETERSON et al. v. UNITED NEW YORK SANDY HOOK PILOTS ASS'N et al.

THE BLACK GULL.

PETERSON v. AMERICAN DIAMOND LINES, Inc.

Nos. 14105, 14407.

District Court, E. D. New York.

Dec. 15, 1936.

See, also, (D.C.) 11 F.Supp. 411.

684

Stefferson & Bourke, of New York City (C. E. Long and Edwin M. Bourke, both of New York City, of counsel), for libelants.

Hunt, Hill & Betts, of New York City (John W. Crandall, of New York City, of counsel), for American Diamond Lines, Inc., and Black Diamond S. S. Corporation, and the Black Gull.

GALSTON, District Judge.

Exceptions to the master's report filed by the claimant and the respondent herein relate to an award of $32,500 to Clarence Faye as ancillary administrator of the estate of Hugh McIntyre, deceased, for the benefit of Charlotte M. McIntyre. The report of the special master is an unusually detailed analysis of the record of the proceedings had before him, together with a careful analysis of pertinent authorities on the law.

Critically the question to be determined is whether the commissioner had reasonable grounds for concluding that after the marriage or majority of Elise, daughter of Mrs. McIntyre, the State Supreme Court would have been likely to increase Mrs. McIntyre's alimony to $2,700 a year.

In seems reasonable to suppose that McIntyre could have made application to the Supreme Court, had he been living at the time that his daughter married or when she attained her majority, to have the alimony reduced. Is it within the bounds of reason that the Supreme Court in granting such motion would have given McIntyre the full benefit of the allowance of $1,800 a year paid theretofore to the daughter? Had such an allowance been made, his income would have been increased by the amount of $1,800 a year. Then his wife would have been in position to assert that by virtue of his increased income she was entitled to a share thereof.

It is not unusual to award the wife, as the commissioner reports, from one-third to one-half of the husband's income. In-

deed, in 1924, in which year the decree of separation was entered, his earnings were $7,674.59, and he voluntarily consented to a payment of $3,600 per year, which was substantially 50 per cent. of his earnings.

In adopting, therefore, a base of $2,700 a year for the wife after the daughter had married or attained her majority, the commissioner made a reasonable finding. He reports that he used this figure for the entire joint expectancy though he appreciated that the amount should be only $1,800 per year for the period from January 26, 1933, until the daughter's majority on April 6, 1935. The commissioner, however, was justified because for almost four years from the date of McIntyre's death she was without alimony.

I follow, therefore, the commissioner to the extent of an award to Mrs. McIntyre of $29,675.70, but disagree in an allowance above that amount. Such suggested addition is apparently based on the sporadic gifts made by McIntyre to his wife.

As thus modified the report will be confirmed and exceptions overruled. Settle order on notice.