Elfrida I. Westerberg, Appellant, v. Tide Water Associated Oil Company, Respondent.

Argued November 20, 1952; decided January 15, 1953.

*Priscilla J. Vogelsang* and *Edward Rager* for appellant. I. Special Term was in error in dismissing the complaint and the judgment of the Appellate Division sustaining Special Term is likewise erroneous. (*Bennett* v. *Bennett,* 116 N. Y. 584; *Oppenheim* v. *Kridel,* 236 N. Y. 156; *Psota* v. *Long Island R. R. Co.,* 246 N. Y. 388.) II. Lack of precedent should not deprive a wife of the right to maintain an action for loss of consortium, for under the growth of the common law, a wrong can always be remedied. (*Woods* v. *Lancet,* 303 N. Y. 349.) III. The contention of respondent in the lower appellate court and in opposition to the application for a review by the Court of Appeals that the wife has no cause of action under the Jones Act and the general maritime law is erroneous.

*Arthur M. Boal* for respondent. I. Whatever rights plaintiff has must be given to her by the maritime law. (*Robins Dry Dock & Repair Co.* v. *Dahl,* 1925 A. M. C. 182, 266 U. S. 449; *Lindgren* v. *United States,* 281 U. S. 38.) II. The common law does not give a wife a cause of action against a defendant for injuries the defendant inflicted upon the husband by negligence. (*Maloy* v. *Foster,* 169 Misc. 964; *Goldman* v. *Cohen,* 30 Misc.

336; *Oppenheim* v. *Kridel,* 236 N. Y. 156; *Adkins* v. *Children's Hosp.,* 261 U. S. 525; *Passalacqua* v. *Draper,* 279 App. Div. 660; *Hitaffer* v. *Argonne* Co., 183 F. 2d 811.)

*Per Curiam.* The breach of duty by the defendant, which allegedly caused injuries to plaintiff's husband — injuries giving rise to her present action — occurred while the defendant's vessel was at sea and while he, as a seaman, was employed at service on that vessel. That alleged breach of duty by the defendant was a maritime tort. As such it cannot serve as a basis for plaintiff's complaint which demands relief of a character not within the purview of the 1920 amendment of the Merchant Marine Act (" Jones Act ") (41 U. S. Stat. 1007; U. S. Code, tit. 46, § 688). Upon that subject the United States Supreme Court has had occasion to state — " This Court has specifically held that the Jones Act is to have a uniform application throughout the country, unaffected by ' local views of common law rules.' " (*Garrett* v. *Moore-McCormack Co.,* 317 U. S. 239, 244.) We pass upon no other question.

The judgment should be affirmed, without costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgment affirmed.