**Otis PRUITT and Miller Pruitt, Libelants,**

v.

**The M.S. RIGOLETTO, her engines, boats, boiler, tackle, apparel and gear, in rem and Wallenius Rederierna, a/k/a Wallenius Shipping Co., a/k/a Wallenius Lines, a/k/a Rederi–A/B Soya, a Swedish corporation or concern, in personam, Respondents.**

**REDERI–A/B SOYA, as owner of the M.S. Rigoletto, Petitioner,**

v.

**DETROIT MARINE TERMINALS, INC., a Michigan Corporation, Impleaded Respondent.**

**No. 21150.**

United States District Court
E. D. Michigan, S. D.

Feb. 2, 1962.

Sheldon M. Bessman, Detroit, Mich., Albert M. Coleman, Detroit, Mich., for libelants.

Robert A. Jenkins, of Hill, Lewis, Andrews, Adams, Goodrich & Power, Detroit, Mich., for respondents.

John A. Hamilton, of Foster, Meadows & Ballard, Detroit, Mich. John H. Fildew, of Fildew, De Green, Fleming & Gilbride, Detroit, Mich., of counsel, for impleaded respondent.

MACHROWICZ, District Judge.

■ Libelants are husband and wife. Two actions were instituted by them in this court. One was a civil action for damages to the husband as a result of an alleged injury while performing duties as a longshoreman on respondent's vessel, the wife claiming damages for loss of consortium. This is the second action, in admiralty, an in rem proceeding as of this date, asserting like damages. The civil action was dismissed and in pressing their claims in the present suit libelants admit that this action arises out of a maritime tort and is to be governed by general maritime law.

A Motion filed by respondent challenges the right of libelant-wife to maintain this suit in admiralty and asks for dismissal of the libel for failure to state a claim on which relief can be granted.

This Motion is now before the court.

In support of its Motion respondent cites the following cases:

Bergamaschi v. Isthmian Lines, Inc. (S.D., N.Y.,), 1959 A.M.C.1862. This was a diversity suit by the wife of a longshoreman for loss of consortium, dismissed as a claim which is not actionable either in a diversity suit or under general maritime law.

Jordan v. States Marine Corp. of Delaware, 9 Cir., 257 F.2d 232 (claim asserted on basis of a right recognized by the state of wife's residence; held: no action in absence of existence of such a right under Jones Act, the general maritime law, or the law of Delaware which was the residence state of the shipowner).

Westerberg v. Tide Water Associated Oil Co. (1953), 304 N.Y. 545, 110 N.E.2d 395, 1953 A.M.C. 553 (suit in state court for a maritime tort against husband's employer).

Middleton v. Luckenbach S. S. Co. (2 Cir., 1934), 70 F.2d 326; Peterson v. United N. Y. Sandy Hook Petals Ass'n. (D.C.1936), 17 F. Supp. 676; and First Nat. Bank in Greenwich v. National Airlines, Inc. (D.C.1938), 171 F.Supp. 528 (actions under the Death on the High Seas Act), also Gerardo v. United States (D.C.1951), 101 F.Supp. 383 (a negligence action), as well as Tate v. C. G. Willis, Inc. (D.C.1957), 154 F.Supp. 402 (action by widow under Jones Act), in all of which cases loss of consortium was excluded as an element of damages.

Libelant, conceding that the weight of authority does not recognize the claim, relies on Hitaffer v. Argonne Co. (1950), 87 U.S.App.D.C. 57, 183 F.2d 811, 23 A. L.R.2d 1366, which allowed the action, as the better decision.

The trial court in Hitaffer denied recovery; the appellate court reversed, deciding two points of which one involved a claim for loss of consortium. Seven years later the same court, in Smither

and Company, Inc. v. Coles, 100 U.S.App. D.C. 68, 242 F.2d 220 overruled Hitaffer on one issue; the other (present here) was not before it but the excerpts from that court's opinion cast doubt as to the position of the court at that time on its earlier ruling as to the claim for consortium:

> "In deciding the Hitaffer case this court departed from two concepts previously regarded as settled; * * *. To reach the statutory question * * * this court had to conclude that, as a matter of law, a wife was no longer barred from 'a cause of action for loss of consortium resulting from a negligent injury to her husband.' 5 * *

Much reliance is also placed by libelant on the following excerpt from Benedict on Admiralty, Sixth Edition, Sec. 134, p. 366:

> "When a personal injury to a wife is maritime by locality, her husband may recover his damages for loss of her services, loss of consortium, etc., in admiralty. * * * N. Y. & Long Branch Steamboat Co. v. Johnson, (1912), 3 Cir., 195 F. 740 * *; The Sea Gull (1865), Chase 145, Fed.Cas.No. 12578 * * *; contra, dictum in Savage v. N. Y., N. & H. S. S. Co. (1911), 2 Cir., 185 F. 778 * * *"

Libelant contends that, since such action could be maintained in Michigan state courts had the injuries occurred on land, and since the husband has a right of action in admiralty (as shown by the above citations), this court should apply Michigan law to give an equal right to the wife. Respondent does not concede that a husband has such an action in admiralty under maritime law.

Although this court does not deem it necessary to decide whether the husband has been given the right, for the purposes of this motion, it is interesting to note Benedict again refers to the subject in Vol. 4, Sec. 617, p. 248, stating, "It would seem that the marital right, like the creation of marital status, should be determined by the law of the domicile of the shipowner. * * * Gustafson v. Swedish-Amer. Line, (1940 A.M.C. 86) [258 App.Div. 734]; 14 N.Y.S.(2d) 905 * * *, and Klein v. Munson S. S. Line, 1934 A.M.C. 1310 [272 N.Y.S. 704, 242 App.Div. 179] * * * ". The cases cited do not determine the precise question. The N. Y. and Long Branch and The Sea Gull were concerned with the right of a husband to sue at all, for expenses or any other item of damage. A right of action for loss of consortium is not even discussed and the only mention is in the first case, in a short citation from Savage which does use the term. In Gustafson loss of consortium was claimed but the husband's action was dismissed on other grounds. The trial court in Klein dismissed the husband's action and the appellate court affirmed without stating grounds.

The Jordan case, supra, apparently considered the Benedict view as to applicable law. No showing has been made in the instant case that the law of the domicile of the shipowner grants the right.

There is, then, scant authority to support libelant's position.

Application of the laws of various states in actions arising from a maritime tort would tend to destroy the harmony and uniformity of maritime law. Southern Pac. Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086. While maritime law enforces certain rights under state statutes (see Tungus v. Skovgaard, 358 U.S. 588, 590, 79 S.Ct. 503, 3 L.Ed. 2d 524) this claim does not fall within that category.

Libelant failed to make a showing that under the circumstances of this case the claim which she asserts can be maintained by her. For reasons stated herein the motion to dismiss the claim must be granted.

---

" 5 No court anywhere had so held when Hitaffer was decided."